IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| SAMUEL LASSOFF, on behalf of himself and other Pennsylvania and New Jersey residents similarly situated, | : : : : | |
| Plaintiff, | : : | |
| v. | : : | CIVIL ACTION NO. 06-3542 |
| GOOGLE, INC., | : : | |
| Defendant. | : | |

**MEMORANDUM OF LAW IN SUPPORT
OF THE MOTION OF DEFENDANT GOOGLE, INC.,
TO DISMISS PLAINTIFF'S COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant Google, Inc. ("Defendant" or "Google"), submits the following Memorandum of Law in support of its Motion to Dismiss the Complaint Pursuant to Fed.R.Civ.P. 12(b)(6).

## I.    INTRODUCTION

Plaintiff Samuel Lassoff ("Plaintiff" or "Lassoff") alleges that he contracted with Google to purchase advertisements on the Internet and that Google breached the Contract and violated other laws by overcharging him for those ads.  (*See* Plaintiff Lassoff's Complaint attached hereto as Attachment "A" and incorporated herein by reference as if set forth in full.)  He purports to sue on his own behalf, and as representative of a class of New Jersey and Pennsylvania advertisers -- class allegations which are barred by a nationwide class-action settlement that an Arkansas federal Court approved in final on July 27, 2006.

Before even reaching Plaintiff's faulty class allegations, however, this Court should dismiss his Complaint because he has sued in an improper forum.  Every advertising customer of

Google must enter into a contract to place advertisements with Google. Those contracts contain a forum-selection and choice of law clause. Lassoff's Contract, which is attached as Exhibit "A" to the accompanying Declaration of Google representative Annie Hsu, is no exception.[1] The Contract between Lassoff and Google requires that any dispute "must be… adjudicated in Santa Clara County, California." (*See* Contract entered into between Lassoff and Google, Exhibit "A" to Attachment "B," at ¶ 7.)

As the Supreme Court has observed, forum-selection clauses must be enforced unless "trial in the contractual forum will be so gravely difficult and inconvenient that … the party seeking the non-contractual forum … will for all practical purposes be deprived of his day in court." *M/S Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 18 (1972). A heavy burden of proof lies on the party seeking to avoid enforcement of the forum selection clause. *Id.* at 17.

Lassoff can readily proceed in Santa Clara County, California, as the Contract requires him to do. Because Lassoff sued in the wrong forum, the Court should dismiss this action.

## II.    <u>RELEVANT ALLEGATIONS IN THE COMPLAINT</u>[2]

Lassoff is a personal injury attorney who entered into a contract to use Google's AdWords program in October, 2005. (*See* Declaration of Annie Hsu, Attachment "B," at ¶ 3.) AdWords is a form of Internet advertising. (*See* Declaration of Annie Hsu, Attachment "B," at ¶ 2.) It allows advertisers to bid against each other in order to have their ads displayed when

---

[1]    The Contract between Lassoff and Google was not attached to Lassoff's Complaint. Therefore, Google has attached the Contract as Exhibit "A" to the Declaration of Google representative Annie Hsu. Ms. Hsu's Declaration is attached hereto as Attachment "B" and, together with the Contract, is incorporated herein by reference as if set forth in full.

[2]    As required by Rule 12(b)(6), for purposes of this Motion, Google assumes that the facts alleged in Lassoff's Complaint are true. *Hedges v. United States*, 404 F.3d 744, 750 (3rd Cir. 2005).

Internet users type selected keywords in their searches.  The advertiser then pays Google each time a user clicks on its ad.  (*See* Declaration of Annie Hsu, Attachment "B," at ¶ 3.)  Lassoff used the AdWords program to display ads for his law firm associated with certain keywords in an effort to attract business.

Lassoff's Contract with Google requires disputes to be adjudicated in California.  Paragraph 7 of the agreement provides:

> **7.**    Miscellaneous.  The Agreement ***must*** be . . . governed by California law, except for its conflict of law principles ***and adjudicated in Santa Clara County, California.***

(*See* Contract entered into between Lassoff and Google, Exhibit "A" to Attachment "B," at ¶ 7, emphasis added.)[3]  Given this mandatory language, Google now files the instant Motion to Dismiss so that the parties can litigate the case in the forum state that the parties contractually chose, that is, Santa Clara County, California.[4]

---

[3] Even though Plaintiff did not attach to his Complaint his Contract with Google, it is proper for Google to reference and rely on the terms of that Contract in this Motion to Dismiss. *Sonnenberg v. Prospect Park Financial Corp.*, 1991 WL 329755 at 7 (D.N.J. Aug. 20, 1991)("Where an action is founded upon a contract or obligation evidenced by some other document which is referred to repeatedly within the pleading but has not been annexed thereto, it may be appropriate to consider the document as a whole although it has been submitted by the defendant. *See Bechtel Corp. v. Local 215, Laborers Int'l Union,* 405 F.Supp 370, 374 n. 1 (M.D.Pa.1975), *aff'd on other grounds,* 544 F.2d 1207 (3d Cir.1976)…; 5 C. Wright & A. Miller, *Federal Practice and Procedure: Civil* § 1327 at 762-763 n. 6…. *See also Brill v. Burlington Northern, Inc.,* 590 F.Supp. 893, 895 n. 2 (D.Del.1984) (holding that court could properly consider documents that were referenced in complaint even though not attached to the complaint).").

[4] As noted earlier, Plaintiff has purported to file his Complaint as a class action on behalf of similarly situated Pennsylvania and New Jersey residents.  His lawsuit, however, is a "copycat" action of an earlier filed class-action case entitled *Lane's Gifts and Collectibles v. Google, et al.*, Civil Action No. CV-2005-052-1, filed in the Circuit Court of Miller County, Arkansas, in February, 2005.  Google and the class in the *Lane's Gifts* case have entered into a nationwide settlement and release agreement, which the Court approved in final on July 27, 2006.  The opt out period in the *Lane's Gifts* case is over, and the settlement agreement and release in that matter now serves as a bar to any class action lawsuit premised upon the same material facts,

III.    **ARGUMENT**

> A.    **This case should be dismissed because Lassoff**
> **sued in the wrong forum.**

The Third Circuit has repeatedly held that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is an appropriate procedural mechanism for enforcing a forum-selection clause. *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 297-99 (3d Cir. 2001) (holding that "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause"); *Wall Street Aubrey Golf, LLC v. Aubrey*, 2006 WL 1525515 at 1, n.1 (3d Cir. June 5, 2006) (same). Dismissal is appropriate here because Lassoff cannot meet his burden of showing that the forum-selection clause in the Google Contract is unenforceable.[5]

"Because forum selection clauses are presumptively valid, the party objecting to enforcement of the clause bears the 'heavy burden ... of proving that enforcement would be unreasonable and unjust'" under the circumstances. *In re Diaz Contracting, Inc.,* 817 F.2d 1047, 1052 (3d Cir.1987), *quoting M/S Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 15 (1972). To overcome a forum-selection clause, the party objecting to the contractual forum must establish, (1) that the clause is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement, in the particular circumstances of the case, would be so unreasonable that it would deprive a litigant of his day in court. *Coastal Steel v. Tilghman Wheelabrator, Ltd.*, 709 F.2d 190, 202 (3d Cir. 1983).   *See also Foster v. Chesapeake Ins. Co., Ltd.,* 933 F.2d 1207, 1219 (3d Cir. 1991) (same).

Lassoff cannot overcome these burdens.

---

such as the instant action.   *See, e.g., Chartener v. Provident Mut. Life Ins. Co.*, 2004 WL 1091027 at 3 (E.D.Pa., May 13, 2004), *citing  Grimes v. Vitalink,* 17 F.3d 1553 (3d Cir.1994).

[5] As an alternative remedy, pursuant to 28 U.S.C. §1404(a), this Court in its discretion may transfer the case to the U.S. District Court for the Northern District of California, whose San Jose Division is located within Santa Clara County.

**1.  The parties' forum selection clause was not the product of fraud or overreaching.**

"[T]he mere allegation of fraudulent conduct does not suspend operation of a forum selection clause.  Rather, the proper inquiry is whether the forum selection clause is the result of 'fraud in the inducement of the [forum-selection] clause itself.'"  *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.*,  2003 WL 21186124 (3d Cir. May 21, 2003), *citing Prima Paint Corp. v. Flood & Conklin Mgf. Co.*, 388 U.S. 395, 403-04 (1967).  Lassoff can provide no evidence that he was fraudulently induced into agreeing to a forum selection clause as part of his AdWords contract.

Nor can he prove that the clause was the product of overreaching.  The typical case for invalidating a forum-selection clause as a result of overreaching occurs when unsophisticated consumers, who possess no bargaining power, enter into contracts of adhesion with powerful corporations.  *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 360 (3d Cir. 1986).  Frequently, the clause is written in fine print and in complicated language inaccessible to an unsophisticated customer.  *See BABN Technologies Corp. v. Bruno,* 25 F. Supp.2d 593, 595-96 (E.D.Pa.1998) (holding that a forum-selection clause is not a product of fraud or overreaching where it is "written in plain English and is located in uniform type directly above [the party's] signature line in the agreement.").

Lassoff is far from an unsophisticated consumer.  He is an attorney who touts his ability to defend major chemical and asbestos companies in toxic tort lawsuits;[6] certainly, he is fully capable of understanding the consequences of signing an agreement that requires disputes to be adjudicated in California.  In such circumstances, courts routinely uphold the validity of forum-selection clauses.  *General Engineering Corp.*, *supra,* 783 F.2d at 360 (holding that such a

---

[6] *See website of* Lassoff Law Associates at http://www.palawfirm.com/settlements.htm.

contract provision is valid where "[b]oth parties … are sophisticated business entities capable of understanding and adjusting for the risks associated with a forum selection clause.").

Finally, the forum-selection clause was drafted in plain, unmistakable English and in normal type, further evidencing the fact that this contractual provision was not the product of coercion or overreaching.  *See BABN Technologies, supra,* 25 F. Supp.2d at 595-96.

2.    **Enforcement of the forum selection clause will not violate public policy.**

Courts in the Third Circuit have routinely held that enforcement of forum-selection clauses in circumstances like these does not violate public policy.  If anything, enforcement of the clause will advance public policy by giving force and effect to the parties' agreement. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir.1995) (while deference "should be afforded to the plaintiff's initial selection of forum…, 'a forum selection clause is treated as a manifestation of the parties' preference as to a convenient forum.'").  For this reason, courts in this Circuit, and elsewhere, routinely enforce the type of forum-selection clause at issue here. *See*, *e.g.*, *Hodes v. S.N.C. Achille Lauro ed Altri-Gestione,* 858 F.2d 905, 915 (3d Cir.1988) (holding that the practice of ignoring forum-selection clauses "would be to revisit the 'parochialism' and 'provincialism' that the Supreme Court decried in [the] *Bremen* [case]").  *See also Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 297-98 (3d Cir. 2001) (holding the dismissal of case appropriate in the context of a forum-selection clause mandating the resolution of disputes in the State of New York); *Crescent Intern., Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988) (upholding dismissal of case in the face of a forum-selection clause that mandated resolution of disputes in Miami, Florida); *Wall Street Aubrey Golf, LLC v. Aubrey*, 2006 WL 1525515 at 1, n.1 (3d Cir. June 5, 2006) (upholding dismissal of case where

forum-selection clause directs litigation in Pennsylvania state court); *Dentsply Intern., Inc. v. Benton,* 965 F. Supp. 574  (M.D.Pa. 1997).

Furthermore, given that the court that presides over this case must apply California law, it is entirely appropriate to defer the adjudication to a California forum.  *Falcone v. Mediterranean Shipping Co.*, 2002 WL 32348270 (E.D.Pa. Apr. 3, 2002) (dismissing case based on a forum-selection clause where foreign forum would be better at interpreting its own laws); *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp.2d 556, 577 (D.N.J. 2000) (transferring case from New Jersey to Washington State, in part, because the Washington courts are in a better position to interpret Washington law which would govern the case); *Suhre Associates, Inc. v. Interroll Corp.*, 2006 WL 231675 at 2 (D.N.J. Jan. 31, 2006) (holding it more appropriate to litigate the action in North Carolina, where the courts will be more familiar with the relevant North Carolina state law).

### 3.    Enforcement of the forum selection clause will not deprive Lassoff of his day in court.

Adjudicating this case in California will not be so inconvenient as to deprive Lassoff of his ability to litigate the case.  While Lassoff may claim an increased burden in litigating the matter in California, "[m]ere inconvenience or additional expense is not the test of unreasonableness, since it may be assumed that the plaintiff received under the contract consideration for these things."  *Central Contracting Co. v. Maryland Cas. Co.,* 367 F.2d 341, 344 (3d Cir.1966).

Thus, courts have repeatedly held that the financial hardships of litigating the case in another forum will not justify voiding an otherwise valid forum-selection clause.  *See Commerce Commercial Leasing, LLC v. Jay's Fabric Center*, 2004 WL 2457737 (E.D.Pa. Nov. 2, 2004), *citing Central Contracting Co. v. Maryland Cas. Co.,* 367 F.2d 341, 344 (3d Cir. 1966).  *See also Ferketich v. Carnival Cruise Lines*, 2002 WL 31371977 at 6 (E.D.Pa. Oct. 17, 2002) (holding

that although plaintiff  "is 75 years old and experiences difficulty in traveling, this inconvenience is not severe enough to demonstrate that litigating in Florida will 'be so manifestly and gravely inconvenient' for her that she will be deprived her day in court."); *Falcone v. Mediterranean Shipping Co.*, 2002 WL 32348270 (E.D.Pa. Apr. 3, 2002) (holding that Italy is not so inconvenient a forum as to justify invalidation of a forum-selection clause); *Drucker's, Inc. v. Pioneer Electronics (USA), Inc.*, 1993 WL 431162 (D.N.J. Oct. 20, 1993) (holding that dismissal with leave to commence action in California is not so onerous as to justify invalidating forum-selection clause).

Finally, there can be no dispute that California is a reasonable forum for litigating Plaintiff's claims.  First, the alleged wrongful acts, that is, overcharging for Internet advertising, occurred in California.  Second, because Google is headquartered in California, the relevant documents and witnesses will almost certainly be located there as well.  Third, the California courts have a great deal of expertise in commercial litigation involving similar web-based technology.  Thus, it is clear that a California court is not only a reasonable forum but also the correct forum for adjudicating this dispute.

Lassoff freely and voluntarily chose to advertise with Google.  He could have expended his advertising dollars somewhere else.  Likewise, he could have attempted to negotiate a different forum for adjudicating disputes.  But he did not.  In entering into the Contract, Plaintiff accepted its benefits as well as its obligations.  Because the Contract prohibits Lassoff from suing in Pennsylvania, the Court should dismiss this action, without prejudice, allowing him to proceed in Santa Clara County, California.

**B.    In the alternative, if the Court does not dismiss or transfer this matter, it should dismiss Lassoff's unjust enrichment claim with prejudice.**

Lassoff has asserted claims for both breach of contract (Count I) and unjust enrichment (Count III).  But California law, which controls this action, bars claims for unjust enrichment when the parties' relationship is governed by an express contract.  *California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001).  Pennsylvania law does the same.  *See Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987) (holding that "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract."); *Benefit Trust Life Ins. Co. v. Union Nat. Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985) (same).

Here, the parties entered into a written contract, and Lassoff has sued Google for breaching that contract.  (*See* Contract entered into between Lassoff and Google, Exhibit "A" to Attachment "B.")  Accordingly, he cannot sue under a theory of unjust enrichment.

**IV.**     **CONCLUSION**

     For the foregoing reasons, Defendant Google, Inc., respectfully requests that this Court grant its Motion to Dismiss Plaintiff's Complaint.  Since this dismissal will be without prejudice, Plaintiff will be able to refile this matter in the proper forum, that is, Santa Clara County, California.  In the alternative, if this matter is not dismissed, Google requests that this Court dismiss with prejudice Plaintiff's claim for unjust enrichment as set forth in Count III of the Complaint.

     Respectfully submitted,

     LINDY & ASSOCIATES, P.C.


     By:  \s\ Jeffrey M. Lindy_____
         Jeffrey M. Lindy, Esquire
         David J. Berney, Esquire,
           Of Counsel
         1800 JFK Boulevard
         Suite 1500
         Philadelphia, Pennsylvania 19103
         215.575.9290

         Attorneys for Defendant,
         Google, Inc.