**LASSOFF LAW ASSOCIATES**
Samuel J. Lassoff, Esquire
1616 Walnut Street
Suite 1105
Philadelphia, PA 19103
Phone: (215) 545-4450

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL LASSOFF, on behalf of himself, and other Pennsylvania and New Jersey residents similarly situated, | ) ) ) ) |
| Plaintiffs, | ) ) 06 -3542 |
| v. | ) FILED ) |
| GOOGLE, INC., | ) AUG 1 0 2006 ) MICHAEL E. KUNZ, Clerk By_____ Dep. Clerk |
| Defendant. | ) |

### CLASS ACTION COMPLAINT

Plaintiffs make the following allegations, except as to allegations specifically pertaining to plaintiffs and plaintiffs' counsel, based upon the investigation undertaken by plaintiffs' counsel, which investigation included analysis of publicly-available news articles and reports, public filings, press releases and other matters of public record.

**NATURE OF THE ACTION**

1. This is a class action on behalf of several hundred Pennsylvania and New Jersey customers exposed to click fraud following a breach of contract, negligence, unjust enrichment, and unfair business practices on the part of the defendant Google, Inc.

**JURISDICTION AND VENUE**
2. This Court has jurisdiction over the subject matter of this action and venue is proper in this District.



## PARTIES

3. Plaintiff Samuel Lassoff is a resident of Delaware County, Pennsylvania. Mr. Lassoff was a customer of defendant Google's advertising services when his account was exposed to hundreds of dollars worth of illegitimate click fraud.

4. Defendant is Google, Inc, a corporation organized under the laws of the State of Delaware, with its principle place of business in Mountain View, California. Google provides Internet search engine services to Internet users and advertising services to individuals, businesses and educational and governmental entities involved in Internet sales and marketing throughout the United States. Purchasers of such advertising services presumptively include citizens of every state in the United States.

5. Defendant is liable for their negligent handling of plaintiffs' advertising account and for a failure to immediately warn Plaintiff of their negligence. Defendant also received and retained money paid by the Plaintiff in response to fraudulent clicks.

## PLAINTIFF'S CLASS ACTION ALLEGATIONS

6. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of Pennsylvania and New Jersey customers whose advertising accounts were negligently handled by Defendant between October, 2005 through February 2006, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are Defendant, members of the immediate family of each of the individual Defendants, any subsidiary or affiliate of Defendants and the directors, officers and employees of Defendants or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

7. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiffs at this time and can only be ascertained through appropriate discovery, plaintiffs believe that there are hundreds of members of the Class located throughout Pennsylvania and New Jersey. Pennsylvania and New Jersey customer members of the Class may be identified from records maintained by Defendant and/or its transfer agents and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in class actions.

8. Plaintiff's claims are typical of the claims of the other members of the Class as all members of the Class were similarly affected by Defendants' wrongful conduct.

9. Plaintiff will fairly and adequately protect the interests of the members of the Class.

10. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

- ✓ whether defendants negligently handled plaintiffs' advertising account
- ✓ whether defendants failed to adequately protect plaintiffs once they discovered plaintiffs' advertising account was tampered with
- ✓ whether defendants participated in and pursued the common course of conduct complained of herein
- ✓ whether statements made by defendants to the public during the Class Period misrepresented and/or omitted to disclose material facts about the negligent mishandling of plaintiffs' advertising account
- ✓ whether defendants made material misrepresentations and or failed to correct the material misrepresentations; and
- ✓ the extent to which the members of the Class have sustained damages and the proper measure of damages.

11. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this suit as a class action.

**SUBSTANTIVE ALLEGATIONS**

12. In December 2005, plaintiff received an invoice regarding his Pay Per Click advertising, where it was discovered that plaintiff was the victim of hundreds of dollars worth of fraudulent clicks.

13. In an attempt to rectify the situation, plaintiff contacted defendant numerous times via mail and telephone, with no response from the defendant.

14. In an attempt to correct his credit account, plaintiff had to spend several hours contacting his credit card company to appeal the charges, which ultimately led to litigation.

15. The foregoing required tasks were extremely burdensome and time consuming for plaintiff to complete and required over 30 attorney hours over several days.

16. The defendant engaged in a scheme to hide their negligent handling of plaintiffs' advertising account. The defendant never warned the plaintiffs of fraudulent clicks or made any recovery efforts for the plaintiffs.

**COUNT I**
**BREACH OF Contract**

17. Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

18. Defendant either expressly and/or implicitly, contractually agreed to provide internet Pay Per Click advertising and/or services to Plaintiffs and only charge for the actual click through advertising from actual customers. Defendant breached that contract by collecting revenues for services which were not provided. Accordingly, Plaintiffs seek a refund of all improper and/or illicit charges.

19. Defendant, by their negligent handling of advertising control, and means of their making the foregoing false and misleading statements, breached their contract to plaintiff and the Class, causing damages to Plaintiff and the Class.

## COUNT II

**NEGLIGENCE**

20. Plaintiff repeats and realleges each and every allegation contained above.

21. The Defendant owes and owed a duty to plaintiff and the Class to monitor its advertising program for click fraud and to protect plaintiff and the Class from click fraud to ensure that Plaintiff and the Class were charged only for "actual clicks" from legitimate consumers.

22. Google has breached its duty to plaintiff and the Class to adequately monitor its advertising programs for click fraud and to protect plaintiff and the Class from click fraud, and by charging plaintiff and the Class for purposeful clicks on search advertisements made for an improper purpose.

## COUNT III

**UNJUST ENRICHMENT**

23. Plaintiff repeats and realleges each and every allegation contained above.

24. Google has received and retained money belonging to plaintiff and the Class resulting form clicks made for an improper purpose, i.e. fraudulent clicks.

25. Under principles of equity and good conscience, Google should not be permitted to retain the money belonging to Plaintiff and the Class which Google has unjustly received as a result of its actions.

## COUNT IV

**UNFAIR BUSINESS PRACTICES**

26. Plaintiff repeats and realleges each and every allegation contained above.

27. Google's conduct in charging Plaintiff and the class for fraudulent clicks, as alleged hereinabove, violated Pennsylvania, New Jersey, and Federal law because it was unlawful, unfair and/or fraudulent business act and practice.

28. As a proximate result of Google's conduct alleged herein, both Plaintiff and the class have sustained pecuniary loss.

29. Unless restrained by this Court, Defendant Google will continue to engage in the unlawful, unfair, and/or fraudulent business acts or practices alleged above, in violation of Pennsylvania, New Jersey, and Federal law thus tending to render judgment in the instant action ineffectual.

Plaintiff has no adequate remedy at law, in that Defendant will continue to engage in such practices, as alleged above, in violation of Pennsylvania, New Jersey, and Federal law thus engendering a multiplicity of judicial proceedings.

30. Plaintiff and the Class are entitled to the disgorgement of any profits Google obtained as a result of charging Plaintiff and the Class for fraudulent clicks, restitution of any monies Plaintiff and the Class paid for clicks that could be determined fraudulent and attorneys' fees as provided by Pennsylvania, New Jersey, and Federal law.

**WHEREFORE,** plaintiff prays for relief and judgment, as follows:

1. Determining that this action is a proper class action and certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;
2. Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;
3. Pre-judgment interest and post judgment interest from the date of entry until the date of satisfaction at the highest rates allowable by law;
4. Punitive and exemplary damages to the extent permitted by law;
5. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including attorneys fees and expert fees; and
6. Such other and further relief as the Court may deem just and proper.

**JURY TRIAL DEMANDED**
Plaintiff hereby demands a trial by jury.

DATED: August 9, 2006

**LASSOFF LAW ASSOCIATES**

By: *[signature]*
Samuel J. Lassoff, Esquire
1616 Walnut Street
Suite 1105
Philadelphia, PA 19103

Attorney for Plaintiffs

JS 44 (Rev. 11/04)

# CIVIL COVER SHEET

APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**
SAMUEL LASSOFF, on behalf of himself, and other Pennsylvania and New Jersey residents similarly situated

**DEFENDANTS**
GOOGLE, INC

**06-3542**

**(b)** County of Residence of First Listed Plaintiff: Delaware County, PA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: Mountain View, CA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

**(c)** Attorney's (Firm Name, Address, and Telephone Number)
Lassoff Law Associates, LLC, 1616 Walnut Street, Suite 1105, Philadelphia, PA 19103, (215) 545-4450

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- X 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | X 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | X | ☐ 4 |
| Citizen of Another State | ☐ 2 | X 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | X 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product | ☐ 625 Drug Related Seizure of Property 21 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Liability | ☐ 630 Liquor Laws | **PROPERTY** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of | ☐ 330 Federal Employers' Liability | **PERSONAL PROPERTY** | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | 370 Other Fraud | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product | ☐ 385 Property Damage Product | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodat | ☐ 530 General | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | | | ☐ 900 Appeal of Fee Determination Under Equal to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | | | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (Place an "X" in One Box Only)

X 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
Class Action; Unfair Business Practices, Breach of Contract, Negligence, Unjust Enrichment
Brief description of cause:
Unfair Business Practices, Breach of Contract, Negligence, Unjust Enrichment

**VII. REQUESTED IN COMPLAINT:**
X CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23
DEMAND $ 10,000,000.00
CHECK YES only if demanded in complaint:
JURY DEMAND: X Yes ☐ No

**VIII. RELATED CASE(S) IF ANY**
(See instructions):
JUDGE _____
DOCKET NUMBER _____

AUG 10 2006

DATE: 9/9/06
SIGNATURE OF ATTORNEY OF RECORD: Samuel J. Frank

**FOR OFFICE USE ONLY**
RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

APPENDIX F

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

06-3542

Address of Plaintiff: 1616 Walnut Street, Suite 1105, Philadelphia, PA 19103

Address of Defendant: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE 19801

Place of Accident, Incident or Transaction: Delaware County, PA
(Use Reverse Side For Additional Space)

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐    NoX

Does this case involve multidistrict litigation possibilities?    Yes☐    NoX

RELATED CASE, IF ANY:

Case Number: _____    Judge: _____    Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐    NoX

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?    Yes☐    NoX

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?    Yes☐    NoX

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify)

B. *Diversity Jurisdiction Cases:*
1. X Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify)

**ARBITRATION CERTIFICATION**
*(Check appropriate Category)*

I, Samuel Lassoff, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 8/9/06    Samuel Lassoff    /s/ Samuel J. Lassoff    89244
                 Attorney-at-Law                            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 8/9/06    Samuel Lassoff    /s/ Samuel J. Lassoff    89244
                 Attorney-at-Law                            Attorney I.D.#

CIV. 609 (4/03)

APPENDIX I

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

Samuel Lassoff, on behalf of himself, and other Pennsylvania and New Jersey Residents similarly situated

v.

Goggle, Inc.

CIVIL ACTION

NO. 06 -3542

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.   ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits   ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.   ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.   ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)   ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.   (✓)

| 8/9/06 | Samuel Lassoff | Plaintiffs |
|---|---|---|
| Date | Attorney-at-law | Attorney for |
| 215-545-4450 | 215-988-0944 | attorney@lawfirm |
| Telephone | FAX Number | E-Mail Address |

AUG 10 2006

(Civ. 660) 10/02