IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL LASSOFF, on behalf of himself and other Pennsylvania and New Jersey residents similarly situated, :<br><br>Plaintiff, :<br><br>v. :<br><br>GOOGLE, INC., :<br><br>Defendant. : | CIVIL ACTION<br>NO. 06-3542 |

**MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' RESPONSE TO DEFENDANT'S MOTION TO
DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(6)**

Class Action Plaintiffs submit the following Memorandum of Law in support of their Repose To Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed.R.Civ.P. 12(b)(6).

## I. INTRODUCTION

Google Inc. is a monopoly that has a stranglehold on the pay per click advertising industry. Class Action Plaintiffs allege that they purchased internet advertising with Defendant Google, and Google committed click fraud as stated in Plaintiffs' Class Action Complaint, a document which speaks for itself (attached hereto as Attachment "A" and incorporated herein by reference as if set forth in full.) The Class Action is not barred, as it intended to represent only those Google victims who properly opted out or were not properly notified of the nationwide class-action settlement that an Arkansas federal Court

approved in final on July 27, 2006 (as stated by Defendant Google in its motion[1]). See a true and correct copy of Plaintiffs' opt out letter attached hereto as Attachment "B" and incorporated herein by reference as if set forth in full.

### II.  ARGUMENT

Defendant Google's Personal Jurisdiction depends on sufficient minimal contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Company v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945); see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082 (9th Cir. 2000). The Third Circuit employs a three-part test to analyze whether a party's "minimum contacts" meet the Supreme Court's directive. This "minimum contacts" test is satisfied when (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082 (9th Cir. 2000). In this case, it is alleged that Google has committed click fraud in Pennsylvania and New Jersey and consummated the fraud within Pennsylvania and New Jersey.

---

[1] It should be noted that it was Arkansas lawyers who first engaged in settlement discussions with Google. The Arkansas claims against Google also involved contract with a California choice of law and forum selection clause. The Arkansas lawyers were faced with the prospect of a parallel class action proceeding filed in Federal Court in California that was procedurally far ahead of the Arkansas case and was headed toward class certification proceedings. Certification of the Federal California case would have rendered the Arkansas case irrelevant, so the Arkansas lawyers rushed to resolve the claims of the nationwide Google class before the California court made a class certification decision. Unfortunately for the Google class, the Arkansas lawyers had no bargaining power with which to exact any favorable settlement terms on behalf of the class, since the claims of the class were subject to an alleged contractual jurisdictional defense in Arkansas. The settlement that they reached reflects the lack of bargaining power – it provided an unprecedented low water mark for class action settlements, giving class members less than half a penny in coupons for future advertising for every dollar that they paid to Google.

Therefore, the exercise of jurisdiction by the Eastern District of Pennsylvania is reasonable. See a true and correct copy of Defendant Google's 2002 advertising attached hereto as Attachment "D" and incorporated herein by reference as if set forth in full.

In the class action context, the minimum contacts requirement is satisfied where a class member has received adequate notice of the action and has been afforded the opportunity to opt out; and has opted out of the lawsuit. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 105 S.Ct. 2965, 2974 (1985). See a true and correct copy of Plaintiffs' opt out letter attached hereto as Attachment "B" and Attachment "C" and incorporated herein by reference as if set forth in full.

This Court should deny Google's Motion because the alleged choice of forum clause in Google's contract was incomplete and or a hidden scroll-down box with mundane boiler-plate language; and furthermore, Plaintiffs' Class Action counsel are not members of the Defendant's proposed forum (e.g. Santa Clara County, California). Furthermore, Plaintiffs' name or signature does not even appear on the alleged contract that Defendant Google submitted to the Court in its Motion To Dismiss Plaintiffs' Class Action Complaint. Regardless of these facts, it is an undue burden to force Plaintiffs to litigate this matter in any California Court. In this regard, Plaintiffs deny that the contract they signed contained a forum-selection and choice of law clause and demand strict proof at the time of trial thereof. Furthermore, "trial in the contractual forum will be so gravely difficult and inconvenient that … the party seeking the non-contractual forum … will for all practical purposes be deprived of his day in court." M/S Bremen v. Zapata OffShore Co., 407 U.S. 1, 18 (1972). Google is a nationwide corporate monopoly and its business activities have certainly availed itself to personal jurisdiction in the Eastern District of

Pennsylvania under Pennoyer v. Neff and International Shoe; and all of the black letter personal jurisdiction law and additional "minimal contacts" case law jurisprudence.

Furthermore, Defendant Google's Motion challenges the factual allegations contained in Plaintiffs' Class Action Complaint. This is contrary to the well-settled rule that in considering a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the Court must take as true the allegations of the Complaint and construe them in favor of the Class Action Plaintiffs. See Oladeinde v. City of Birmingham, 963 F.2d 1481, 1486 (11 Cir. 1992), cert. denied, 507 U.S. 987 (1993). Because Defendant Google's Motion fails to meet Fed.R.Civ.P. 12(b)(6) requirements, by not taking the allegations as true and by relying upon assertions of fact outside the Complaint, the motion should be denied. Defendant Google suggests, but does not request, that the Court may convert this motion to a Rule 56 motion for summary judgment. In the event that the Court wishes to convert this motion, Class Action Plaintiffs request that they be provided an adequate amount of time to conduct discovery related to these factual issues. Contrary to Defendant Google's assertions, discovery is necessary. Frequently, the full scale of fraud cannot be determined from the face of a Class Action Complaint alone. Thus, Class Action Plaintiffs require discovery in order to test the assertions of fact made in the declaration attached to Defendant Google's Motion.

    A. **PLAINTIFFS' CLASS ACTION COMPLAINT CLAIMS ARE OUTSIDE OF CONTRACT**

Class Action Plaintiffs entered into a contract to use Google's AdWords program on or before October 2005. Adwords allows advertisers to bid against each other in order to have their ads displayed when Internet users type selected keywords in their searches.

The advertiser then pays Google each time a user clicks on its ad, regardless of whether the click is legitimate or fraudulent. Plaintiffs used the AdWords program to display ads for their businesses with certain keywords in an effort to attract business. Plaintiffs were defrauded by Google as stated in Plaintiffs' Class Action Complaint, and many Plaintiffs lost several thousand dollars due to Defendant Google's fraud. Fraud or "Click Fraud"; as stated specifically in Plaintiffs' Class Action Complaint, a document which speaks for itself; is outside the realm of any contract or contract law dispute or argument Google, Inc. has with Plaintiffs. Likewise, Plaintiffs' unjust enrichment claim is also outside of contract as stated supra.

B. **PLAINTIFFS RIGHT TO AMEND CLASS ACTION COMPLAINT**

Plaintiffs, at a minimum, should be afforded the opportunity to amend their Complaint to include Google victims who properly opted out of the nationwide settlement and release agreement. See a true and correct copy of Plaintiffs' opt out letter attached hereto as Attachment "B" and incorporated herein by reference as if set forth in full. Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served. . . ." Fed.R.Civ.P. 15(a). The defendants in this case never filed an answer. Instead, they filed a motion to dismiss. "A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper." Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) (internal quotation marks omitted). Accordingly, the district court would err in dismissing Plaintiffs' Class Action without giving Plaintiffs the opportunity to amend their Class Action Complaint. *See also*

Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir.1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Plaintiffs respectfully request the Court to deny Defendant's motion. In the event the Court converts this motion to a motion for Summary judgment, pursuant to Fed.R.Civ.P. 12(b), Plaintiffs request that they be permitted an adequate amount of time to conduct discovery upon the factual issues raised by Defendant Google's Motion.

### C. THE EASTERN DISTRICT OF PENNSYLVANIA HAS PROPER JURISDICTION OVER THIS MATTER

Class Action Plaintiffs have met their burden of showing that the alleged forum-selection clause in Google's contract is unenforceable. Enforcement of the clause would be unreasonable and unjust under the circumstances as it is the result of an overreaching monopoly using mundane boiler-plate language, and would violate the public policy of Pennsylvania that corporations who do business in our jurisdiction be subject to its laws; and enforcement, in the particular circumstances of this case, would be so unreasonable that it would deprive Plaintiffs of their day in court as stated supra.

Google has a monopoly on internet advertising. The forum selection clause was the product of overreaching and Plaintiffs may have been forced into agreeing to a forum selection clause as part of their AdWords contracts. While it is true that the typical case for invalidating a forum-selection clause as a result of overreaching occurs when unsophisticated consumers, who possess no bargaining power, enter into contracts of adhesion with powerful corporations; it is not true, in this case, that the majority of Class

Action Plaintiffs are sophisticated attorneys.[2]  It is true, however, that Google is a monopoly in the pay per click advertising industry, and as such, Plaintiffs were forced into agreeing to a forum selection clause as part of their AdWords contracts.

Adjudicating this case in a California Court will be so inconvenient as to deprive Plaintiffs of their ability to litigate this case.  First, the alleged wrongful acts, that is, click fraud, occurred in Pennsylvania and New Jersey.  Second, because Google has substantial contacts with Pennsylvania it must be held to answer for its fraud under Pennsylvania law.  Third, Pennsylvania courts have expertise in commercial litigation involving web-based technology.  Thus, it is clear that the Eastern District of Pennsylvania is not only a reasonable forum, but also the correct forum for adjudicating this dispute.

Plaintiffs have asserted claims as set forth in their Class Action Complaint, a document which speaks for itself.  Pennsylvania law does not bar unjust enrichment claims.  Here, the Plaintiffs were victims of "fraud", stated specifically, which is outside any issue(s) of contract.  Furthermore, Plaintiffs can bring as many causes of action as they deem just and necessary in their Class Action Complaint as they do not know what the jury will ultimately conclude is fact at the time of trial.

Thus, for the reasons stated in Plaintiffs' Response To Defendants' Rule 12(b)(6) Motion To Dismiss Plaintiffs' Class Action Complaint, filed this day, the Complaint states a claim upon which relief may be granted against monopoly Defendant Google, Inc.

---

[2] Plaintiffs counsel, **Samuel J. Lassoff, Esquire**, officially would like to thank Defendant's Counsel for the accurate complement of Plaintiffs' counsel's sophistication; and for plugging Plaintiffs' counsel's website: *www.PaLawFirm.com*.  However, in his motion, Defendant's counsel failed to mention our full listing of: **Lassoff Law Associates**, LLC, **1616 Walnut Street, Suite 1105, Philadelphia, PA**, **phone 215-545-4450**.

**III.     CONCLUSION**

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant's Motion to Dismiss Plaintiffs' Complaint. In the alternative, at a minimum, Plaintiffs seek leave of Court to amend their Class Action Complaint to narrow Plaintiffs' Class members to Plaintiffs who properly opted out of any previous Google Class Action settlement.

In the event the Court converts this motion to a motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b)(6), plaintiffs request that they be permitted an adequate amount of time to conduct discovery upon the factual issues raised by Defendant Google's Motion.

Respectfully submitted,
**LASSOFF LAW ASSOCIATES, LLC**
By:     \s\ Samuel J. Lassoff
        Samuel J. Lassoff Esquire
        1616 Walnut Street
        Philadelphia, PA 19103
        Attorneys for Plaintiffs