**LASSOFF LAW ASSOCIATES**
Samuel J. Lassoff, Esquire
1616 Walnut Street
Suite 1105
Philadelphia, PA 19103
Phone: (215) 545-4450

Attorney for Plaintiffs

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **SAMUEL LASSOFF, on behalf of** himself, and other U.S. residents similarly situated, ) ) ) **Plaintiffs,** ) ) **v.** ) ) **GOOGLE, INC., YAHOO!, INC., and IAC INTERACTIVE CORP** ) ) ) ) ) **Defendants.** ) | **CIVIL ACTION** **06-3542** |

## AMENDED CLASS ACTION COMPLAINT

Plaintiffs make the following allegations, except as to allegations specifically pertaining to plaintiffs and plaintiffs' counsel, based upon the investigation undertaken by plaintiffs' counsel, which investigation included analysis of publicly-available news articles and reports, public filings, press releases and other matters of public record.

### NATURE OF THE ACTION

1. This is a class action on behalf of several hundred U.S. customers exposed to click fraud following fraud, breach of contract, negligence, unjust enrichment, and unfair business practices on the part of the defendants Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action and venue is proper in this District.

**PARTIES**

3. Plaintiff Samuel Lassoff is a resident of Delaware County, Pennsylvania. Mr. Lassoff was a customer of defendants Google, Inc., Yahoo!, Inc. and IAC Interactive Corp's advertising services when his accounts were exposed to hundreds of dollars worth of illegitimate click fraud.

4. Defendant Google, Inc, is a corporation organized under the laws of the State of Delaware, with its principle place of business in Mountain View, California. Defendant Yahoo, Inc., is a corporation organized under the laws of the State of Delaware, with its principle place of business in Sunnyvale CA. Defendant IAC Interactive Corp, is a corporation organized under the laws of the State of Delaware, with its principle place of business in New York, New York. Google, Inc., Yahoo, Inc. and IAC Interactive Corporation provide Internet search engine services to Internet users and advertising services to individuals, businesses and educational and governmental entities involved in Internet sales and marketing throughout the United States. Purchasers of such advertising services presumptively include citizens of every state in the United States.

5. Defendant Google, Inc. is liable for its fraudulent handling of plaintiffs' advertising account and for a failure to immediately warn Plaintiff of its fraud. Defendant Google, Inc. also received and retained money paid by the Plaintiff in response to fraudulent clicks. Defendant Yahoo!, Inc. is liable for its fraudulent handling of plaintiffs' advertising account and for a failure to immediately warn Plaintiff of its fraud. Defendant Yahoo!, Inc. also received and retained money paid by the Plaintiff in response to fraudulent clicks. Defendant IAC Interactive Corporation, doing business as ASK.COM, is liable for its fraudulent handling of plaintiffs' advertising account and for a failure to immediately warn Plaintiff of its fraud. Defendant IAC Interactive Corporation also received and retained money paid by the Plaintiff in response to fraudulent clicks.

**PLAINTIFF'S CLASS ACTION ALLEGATIONS**

6. Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3) on behalf of a Class, consisting of U.S. customers whose advertising accounts were fraudulently and or negligently handled by Defendants between October, 2005 through January 10, 2007, inclusive (the "Class Period"), and who were damaged thereby. Excluded from the Class are Defendant, members of the immediate family of each of the individual Defendants, any subsidiary or affiliate of Defendants and the directors, officers and employees of Defendants or its subsidiaries or affiliates, or any entity in which any excluded person has a controlling interest, and the legal representatives, heirs, successors and assigns of any excluded person.

7. The members of the class are so numerous that joinder of all members is impracticable. While the exact number of Class members is unknown to plaintiffs at this time and can only be ascertained through appropriate discovery, plaintiffs believe that there are hundreds of members of the Class located throughout the United States. U.S. customer members of the Class may be identified from records maintained by defendants and/or its transfer agents and may be notified

of the pendency of this action by mail, using a form of notice similar to that customarily used in class actions.

8. Plaintiff's claims are typical of the claims of the other members of the Class as all members of the Class were similarly affected by Defendants' wrongful conduct.

9. Plaintiff will fairly and adequately protect the interests of the members of the Class.

10. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class.  Among the questions of law and fact common to the Class are:

- whether the defendants committed fraud against the plaintiffs
- whether defendants negligently handled plaintiffs' advertising account
- whether defendants failed to adequately protect plaintiffs once they discovered plaintiffs' advertising account was tampered with
- whether defendants participated in and pursued the common course of conduct complained of herein
- whether statements made by defendants to the public during the Class Period misrepresented and/or omitted to disclose material facts about the negligent mishandling of plaintiffs' advertising account
- whether defendants made material misrepresentations and or failed to correct the material misrepresentations; and
- the extent to which the members of the Class have sustained damages and the proper measure of damages.

11.  A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable.  Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it impossible for members of the Class to individually redress the wrongs done to them.  There will be no difficulty in the management of this suit as a class action.

**SUBSTANTIVE ALLEGATIONS**

12. In December 2005, plaintiff received invoices regarding his Pay Per Click advertising, where it was discovered that plaintiff was the victim of hundreds of dollars worth of fraudulent clicks.

13.  In an attempt to rectify the situation, plaintiff contacted defendant Google, Inc. numerous times via mail and telephone, with no response from the defendant.

14.  In an attempt to correct his credit account, plaintiff had to spend several hours contacting his credit card company to appeal the charges, which ultimately led to litigation.

15. The foregoing required tasks were extremely burdensome and time consuming for plaintiff to complete and required over 30 attorney hours over several days.

16. The defendants engaged in a scheme to hide their fraudulent handling of plaintiffs' advertising account.  The defendant never warned the plaintiffs of fraudulent clicks or made any recovery efforts for the plaintiffs.

**COUNT I**

**FRAUD**

17.  Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation's conduct in illegally charging Plaintiff and the class for fraudulent clicks, as alleged hereinabove, violated Pennsylvania, New Jersey, and Federal law because it was unlawful, unfair and/or fraudulent business act and practice.

18.  As a proximate result of Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation's conduct alleged herein, both Plaintiff and the class have sustained pecuniary loss.

19.  Unless restrained by this Court, Defendants Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation will continue to engage in the unlawful, unfair, and/or fraudulent business acts or practices alleged above, in violation of Pennsylvania, New Jersey, and Federal law thus tending to render judgment in the instant action ineffectual.  Plaintiff has no adequate remedy at law, in that Defendant will continue to engage in such practices, as alleged above, in violation of Pennsylvania, New Jersey, and Federal law thus engendering a multiplicity of judicial proceedings.

20.  Plaintiff and the Class are entitled to the disgorgement of any profits Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation obtained as a result of charging Plaintiff and the Class for fraudulent clicks, restitution of any monies Plaintiff and the Class paid for clicks that could be determined fraudulent and attorneys' fees as provided by Pennsylvania, New Jersey, and Federal law.

**COUNT II**

**BREACH OF Contract**

21.  Plaintiff repeats and realleges each and every allegation contained above as if fully set forth herein.

22. Defendants either expressly and/or implicitly, contractually agreed to provide internet Pay Per Click advertising and/or services to Plaintiffs and only charge for the actual click through advertising from actual customers.  Defendants breached that contract by collecting revenues for services which were not provided.  Accordingly, Plaintiffs seek a refund of all improper and/or illicit charges.

23. Defendants, by their negligent handling of advertising control, and means of their making the foregoing false and misleading statements, breached their contract to plaintiff and the Class, causing damages to Plaintiff and the Class.

**COUNT III**

**NEGLIGENCE**
24. Plaintiff repeats and realleges each and every allegation contained above.

25. The Defendants owe and owed a duty to plaintiff and the Class to monitor its advertising program for click fraud and to protect plaintiff and the Class from click fraud to ensure that Plaintiff and the Class were charged only for "actual clicks" from legitimate consumers.

26. Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation have breached their duty to plaintiff and the Class to adequately monitor its advertising programs for click fraud and to protect plaintiff and the Class from click fraud, and by charging plaintiff and the Class for purposeful clicks on search advertisements made for an improper purpose.

**COUNT IV**

**UNJUST ENRICHMENT**
27. Plaintiff repeats and realleges each and every allegation contained above.

28. Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation have received and retained money belonging to plaintiff and the Class resulting from clicks made for an improper purpose, i.e. fraudulent clicks.

29. Under principles of equity and good conscience, Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation should not be permitted to retain the money belonging to Plaintiff and the Class which Google has unjustly received as a result of its actions.

**COUNT V**

**UNFAIR BUSINESS PRACTICES**
30. Plaintiff repeats and realleges each and every allegation contained above.

31. Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation's conduct in charging Plaintiff and the class for fraudulent clicks, as alleged hereinabove, violated Pennsylvania, New Jersey, and Federal law because it was unlawful, unfair and/or fraudulent business act and practice.

32. As a proximate result of Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation's conduct alleged herein, both Plaintiff and the class have sustained pecuniary loss.

33. Unless restrained by this Court, Defendants Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation will continue to engage in the unlawful, unfair, and/or fraudulent business acts or practices alleged above, in violation of Pennsylvania, New Jersey, and Federal law thus tending to render judgment in the instant action ineffectual. Plaintiff has no adequate remedy at law, in that Defendant will continue to engage in such practices, as alleged above, in violation of

Pennsylvania, New Jersey, and Federal law thus engendering a multiplicity of judicial proceedings.

34. Plaintiff and the Class are entitled to the disgorgement of any profits Google, Inc., Yahoo!, Inc. and IAC Interactive Corporation obtained as a result of charging Plaintiff and the Class for fraudulent clicks, restitution of any monies Plaintiff and the Class paid for clicks that could be determined fraudulent and attorneys' fees as provided by Pennsylvania, New Jersey, and Federal law.

**WHEREFORE,** plaintiff prays for relief and judgment, as follows:

1. Determining that this action is a proper opt-out class action and certifying Plaintiff as class representative under Rule 23 of the Federal Rules of Civil Procedure;
2. Awarding compensatory damages in favor of Plaintiff and the other Class members against all defendants, jointly and severally, for all damages sustained as a result of defendants' wrongdoing, in an amount to be proven at trial, including interest thereon;
3. Pre-judgment interest and post judgment interest from the date of entry until the date of satisfaction at the highest rates allowable by law;
4. Punitive and exemplary damages to the extent permitted by law;
5. Awarding Plaintiff and the Class their reasonable costs and expenses incurred in this action, including attorneys fees and expert fees; and
6. Such other and further relief as the Court may deem just and proper.

```
JURY TRIAL DEMANDED
```
Plaintiff hereby demands a trial by jury.

DATED: January 12, 2007

**LASSOFF LAW ASSOCIATES**

By:   **Samuel J. Lasoff /s**
      Samuel J. Lassoff, Esquire
      1616 Walnut Street
      Suite 1105
      Philadelphia, PA 19103

      Attorney for Plaintiffs