IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL LASSOFF, on behalf of himself :
and other Pennsylvania and New Jersey :
residents similarly situated, :
:
        Plaintiff, :
:
        v. :  CIVIL ACTION
:   NO. 06-3542
GOOGLE, INC., :
:
        Defendant. :

## ORDER

AND NOW, this _____ day of _____, 2007, upon consideration of the Motion of Defendant Google, Inc., to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), and any response thereto, it is hereby **ORDERED** and **DECREED** that said Motion is **GRANTED** and that Plaintiff's Amended Complaint is dismissed without prejudice.

                            BY THE COURT:


                            HONORABLE MARY A. McLAUGHLIN
                            Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL LASSOFF, on behalf of himself :
and other Pennsylvania and New Jersey :
residents similarly situated, :
:
       Plaintiff, :
:
       v. : CIVIL ACTION
: NO. 06-3542
GOOGLE, INC., :
:
       Defendant. :

## O R D E R

AND NOW, this _____ day of _____, 2007, upon consideration of the Motion of Defendant Google, Inc., to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is **GRANTED IN PART** and **DENIED IN PART**. It is **GRANTED IN PART** in that Plaintiff's claim for fraud as set forth in Count I and Plaintiff's claim for unjust enrichment as set forth in Count IV of the Amended Complaint are dismissed with prejudice. All other prayers for relief set forth in Defendant's Motion are **DENIED**.

BY THE COURT:

_____
HONORABLE MARY A. McLAUGHLIN
Judge, United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL LASSOFF, on behalf of himself and other Pennsylvania and New Jersey residents similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>GOOGLE, INC.,<br><br>    Defendant. | CIVIL ACTION<br>NO. 06-3542 |

**MOTION OF DEFENDANT GOOGLE, INC.,
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT
PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant Google, Inc., by and through its undersigned counsel, respectfully requests that this Court grant Defendant's Motion to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6).[1] In support of its Motion, Google hereby incorporates by reference the averments contained in the following Memorandum of Law, including Attachment "A," attached to that Memorandum, as if fully set forth herein.

---

[1] Google has also filed a Motion to Dismiss, pursuant to Fed.R.Civ.P. 12(b)(6), in a non-class action suit alleging identical causes of action as in the case at bar. That case is captioned at *Feldman v. Google, Inc.*, Civil Action No. 06-cv-2540 (E.D.Pa.), and is assigned to the Honorable James T. Giles. Google's Motion to Dismiss is pending in that matter as well.

WHEREFORE, Defendant Google, Inc., respectfully requests that this Court grant its Motion to Dismiss the Amended Complaint and enter the attached Order.[2]

Respectfully submitted,

LINDY & ASSOCIATES, P.C.

By: \s\ Jeffrey M. Lindy
Jeffrey M. Lindy, Esquire
David J. Berney, Esquire,
   Of Counsel
1800 JFK Boulevard
Suite 1500
Philadelphia, Pennsylvania 19103
215.575.0702

Attorneys for Defendant,
Google, Inc.

---

[2] Two forms of Order are provided with this submission. The first proposed form of Order is provided in connection with Google's request that this matter be dismissed without prejudice because Plaintiff, in clear violation of the terms of his contract with Google, initiated the instant action in the wrong forum. The second proposed Order is provided in connection with Google's alternative argument set forth, *infra*, in the attached Memorandum of Law at page 10, where Google requests that in the event that the Amended Complaint is not dismissed, then, at a minimum, Count I of the Amended Complaint, alleging fraud and Count IV of the Amended Complaint, alleging unjust enrichment should be dismissed.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

SAMUEL LASSOFF, on behalf of himself :
and other Pennsylvania and New Jersey :
residents similarly situated, :
                                  :
        Plaintiff, :
                                  :
         v. : CIVIL ACTION
                                  : NO. 06-3542
GOOGLE, INC., :
                                  :
        Defendant. :

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION
OF DEFENDANT GOOGLE, INC., TO DISMISS
PLAINTIFF'S AMENDED COMPLAINT PURSUANT TO FED.R.CIV.P. 12(b)(6)**

Defendant Google, Inc. ("Defendant" or "Google"), submits the following Memorandum of Law in support of its Motion to Dismiss the Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6).

**I.    INTRODUCTION**

At the January 8, 2007 status conference in this matter, Plaintiff Samuel Lassoff ("Plaintiff" or "Lassoff") agreed that claims against Google for breach of the AdWords contract cannot proceed in this forum, and instead, must be dismissed or transferred under the contract's forum-selection clause. *See* Tr. of Jan. 8, 2007 Hrng. at 10:2-18.[3] Nevertheless, Lassoff still opposed Google's motion to dismiss or transfer this action, because, he argued, he had asserted fraud and other claims, which he contended were *not* subject to transfer under the forum-

---

[3] Mr. Lassoff stated: "[T]hat part of it I would agree. I would concur with counsel . . . that [if] it was strictly a contract claim by myself and the people I'm representing, that he would be correct and that there would be a [forum] selection clause, and that would apply, and off it would go to California or some jurisdiction other than—than this one. However, in this case, you've got claims that are being made regarding fraud that are outside of the contract. . . ." *Id.*

selection clause. *Id.* After the Court observed that he had not in fact pled a fraud claim, he asked for leave to amend. *Id.* at 28:13-30:19. He filed his Amended Complaint, including a claim for fraud, on January 12, 2007.

Lassoff's amended pleading fails to cure the defects in his original Complaint, however, and this entire action remains subject to dismissal or transfer under the contract's forum-selection clause. First, Lassoff's statement of the law is incorrect. Contrary to his assertion, his tort claims *are* subject to the forum-selection clause, just as he concedes that his contract claim is. "[W]here the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of [a forum-selection clause]." *Coastal Steel Corp. v. Tilghman Wheelabarator, Ltd.*, 709 F.2d 190, 203 (3rd Cir. 1983). Second, Lassoff's new fraud claim fails for the additional reason that he has failed to plead the alleged "fraud" with particularity, as required by Rule 9(b).

By his own account, Lassoff's out-of-pocket damages total less than $4,000. Tr. of Jan. 8, 2007 Hrng. at 32:24. He is insisting upon proceeding with this case under the theory that he is entitled to certify and represent a class consisting of opt-outs of the Arkansas class settlement, and therefore to recover a sum equal to many times his alleged losses. Under the contract that he admits that he agreed to, this claim must be prosecuted, if anywhere, in Santa Clara County, California.

## II.  RELEVANT ALLEGATIONS IN THE AMENDED COMPLAINT[4]

Lassoff is a personal-injury attorney who entered into a contract to use Google's AdWords program 2005. (*See* Amended Compl. at ¶¶ 3.) AdWords is a form of Internet

---

[4] As required by Rule 12(b)(6), for purposes of this Motion, Google assumes that the facts alleged in the Lassoff's Complaint are true. *Hedges v. United States*, 404 F.3d 744, 750 (3rd Cir. 2005).

advertising. It allows advertisers to bid against each other in order to have their ads displayed when Internet users type selected keywords in their searches. The advertiser then pays Google each time a user clicks on its ad. Lassoff used the AdWords program to display ads for his law firm associated with certain keywords, in an effort to attract business.

Lassoff's contract with Google requires disputes to be adjudicated in California. Paragraph 7 of the agreement provides:

> 7. Miscellaneous. The Agreement *must* be . . . governed by California law, except for its conflict of law principles *and adjudicated in Santa Clara County, California.*

*See* Exhibit A at ¶ 7 (emphasis added). Given this mandatory language, Google now files the instant Motion to Dismiss so that the parties can litigate the case in the forum state that the parties contractually chose, that is, Santa Clara County, California.

### III. ARGUMENT

#### A. Like his contract claim, Lassoff's tort claims are subject to the forum-selection clause and must be litigated in California

Lassoff's argument for avoiding the contractual forum-selection clause simply misstates the law. It is well settled under both California law and in the Third Circuit that a litigant cannot circumvent a forum-selection clause by pleading alternate non-contractual claims if those claims arise out of the contractual relation and implicate the contract's terms. *Crescent Intern., Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988) (applying forum selection clause to claims of RICO violations, fraud, unfair competition and tortious interference); *Smith, Valentino & Smith, Inc. v. Superior Court*, 17 Cal. 3d 491, 497 (1976) (holding that unfair competition and intentional business interference arose out of contractual relationship and thus were subject to contracts forum selection clause).

The Third Circuit explained the reason for this rule in *Coastal Steel Corp. v. Tilghman Wheelabarator, Ltd.*, 709 F.2d 190 (3rd Cir. 1983):

> The second circumstance relied on by the district court for denying enforcement [of a forum-selection clause] is that Coastal has asserted tort claims as well as contract claims, and that the forum selection clause is inapplicable to the former. The difficulty with this reasoning is that it ignores the reality that the Tilghman-Farmer Norton contract is the basic source of *any* duty to Coastal. . . . If forum selection clauses are to be enforced as a matter of public policy, that same public policy requires that they not be defeated by artful pleading of claims such as negligent design, breach of implied warranty, or misrepresentation.

*Id.* at 203. The *Coastal Steel* court concluded that "[w]e agree with those courts which have held that where the relationship between the parties is contractual, the pleading of alternative non-contractual theories of liability should not prevent enforcement of [a forum selection clause]," and thus held that the district court erred by failing to enforce the clause at issue, *including* to the tort claims. *Id; see also .Crescent*, 857 F.2d at 944-45. (noting that if the ploy that Lassoff has attempted here were effective, a litigant could avoid "a forum selection clause by simply pleading non-contractual claims."); *DeJohn v. The .TV Corporation Int'l*, 245 F.Supp.2d 913, 918 (N.D. Ill 2003) (enforcing forum-selection clause in on-line contract despite plaintiff's assertion of implied-contract claim.)

Under this well founded rule, Lassoff's pleading of tort claims has no bearing on the application of the forum-selection clause. Google's alleged relationship with Lassoff is contractual, arising from the AdWords contract. The forum-selection clause in that contract applies to any claims that Lassoff may plead arising from that relationship, however he chooses to style them.

4

### B.    The forum-selection clause is valid and enforceable

Lassoff has conceded that the forum-selection clause in the AdWords contract is enforceable, at least as to contract claims. *See* Tr. of Jan. 8, 2007 Hrng. at 10:2-18. Nevertheless, since the Court has not yet ruled on this issue, and in case Lassoff tries to change his position, Google repeats here the reasons that the clause must be enforced, and that this action must be dismissed, that are set forth in its motion to dismiss Lassoff's original complaint.

The Third Circuit has repeatedly held that a motion to dismiss under Fed.R.Civ.P. 12(b)(6) is an appropriate procedural mechanism for enforcing a forum selection clause. *Salovaara v. Jackson Nat. Life Ins. Co.*, 246 F.3d 289, 297-99 (3d Cir. 2001) (holding that "a 12(b)(6) dismissal is a permissible means of enforcing a forum selection clause"); *Wall Street Aubrey Golf, LLC v. Aubrey*, 2006 WL 1525515 at 1, n.1 (3d Cir. June 5, 2006) (same). Dismissal is appropriate here because Lassoff cannot meet his burden of showing that the forum-selection clause in the Google contract is unenforceable.[5]

"Because forum selection clauses are presumptively valid, the party objecting to enforcement of the clause bears the 'heavy burden ... of proving that enforcement would be unreasonable and unjust'" under the circumstances. *In re Diaz Contracting, Inc.*, 817 F.2d 1047, 1052 (3d Cir. 1987), *quoting M/S Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 15 (1972). To overcome a forum selection clause, the party objecting to the contractual forum must establish, (1) that the clause is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement, in the particular circumstances of the

---

[5] As an alternative remedy, pursuant to 28 U.S.C. §1404(a), this Court in its discretion may transfer the case to the U.S. District Court for the Northern District of California, whose San Jose Division is located within Santa Clara County.

5

case, would be so unreasonable that it would deprive a litigant of his day in court. *Coastal Steel*, 709 F.2d at 202; *see also Foster v. Chesapeake Ins. Co., Ltd.*, 933 F.2d 1207, 1219 (3d Cir. 1991) (same).

Lassoff cannot overcome these burdens.

### 1. The parties' forum selection clause was not the product of fraud or overreaching.

"[T]he mere allegation of fraudulent conduct does not suspend operation of a forum selection clause. Rather, the proper inquiry is whether the forum selection clause is the result of 'fraud in the inducement of the [forum selection] clause itself.'" *MoneyGram Payment Systems, Inc. v. Consorcio Oriental, S.A.*, 2003 WL 21186124 (3d Cir. May 21, 2003), *citing Prima Paint Corp. v. Flood & Conklin Mgf. Co.*, 388 U.S. 395, 403-04 (1967). Lassoff can provide no evidence that he was fraudulently induced into agreeing to a forum selection clause as part of his AdWords contract.

Nor can he prove that the clause was the product of overreaching. The typical case for invalidating a forum selection clause as a result of overreaching occurs when unsophisticated consumers, who possess no bargaining power, enter into contracts of adhesion with powerful corporations. *General Engineering Corp. v. Martin Marietta Alumina, Inc.*, 783 F.2d 352, 360 (3d Cir. 1986). Frequently, the clause is written in fine print and in complicated language inaccessible to an unsophisticated customer. *See BABN Technologies Corp. v. Bruno*, 25 F. Supp.2d 593, 595-96 (E.D. Pa. 1998) (holding that a forum selection clause is not a product of fraud or overreaching where it is "written in plain English and is located in uniform type directly above [the party's] signature line in the agreement.").

Lassoff is far from an unsophisticated consumer. He is an attorney who touts his ability to defend major chemical and asbestos companies in toxic tort lawsuits;[6] certainly, he is fully capable of understanding the consequences of signing an agreement that requires disputes to be adjudicated in California. In such circumstances, courts routinely uphold the validity of forum selection clauses. *General Engineering Corp., supra,* 783 F.2d at 360 (holding that such a contract provision is valid where "[b]oth parties ... are sophisticated business entities capable of understanding and adjusting for the risks associated with a forum selection clause.").

Finally, the forum selection clause was drafted in plain, unmistakable English and in normal type, further evidencing the fact that this contractual provision was not the product of coercion or overreaching. *See BABN Technologies, supra,* 25 F. Supp.2d at 595-96.

### 2. Enforcement of the forum selection clause will not violate public policy.

Courts in the Third Circuit have routinely held that enforcement of forum selection clauses in circumstances like these does not violate public policy. If anything, enforcement of the clause will advance public policy by giving force and effect to the parties' agreement. *Jumara v. State Farm Ins. Co.,* 55 F.3d 873, 879 (3d Cir. 1995) (while deference "should be afforded to the plaintiff's initial selection of forum..., 'a forum selection clause is treated as a manifestation of the parties' preference as to a convenient forum.'"). For this reason, courts in this Circuit, and elsewhere, routinely enforce the type of forum selection clause at issue here. *See, e.g., Hodes v. S.N.C. Achille Lauro ed Altri-Gestione,* 858 F.2d 905, 915 (3d Cir. 1988) (holding that the practice of ignoring forum selection clauses "would be to revisit the 'parochialism' and 'provincialism' that the Supreme Court decried in [the] *Bremen* [case]"). *See also Salovaara v. Jackson Nat. Life Ins. Co.,* 246 F.3d 289, 297-98 (3d Cir. 2001) (holding the

---

[6] *See website of* Lassoff Law Associates at http://www.palawfirm.com/settlements.htm.

7

dismissal of case appropriate in the context of a forum selection clause mandating the resolution of disputes in the State of New York); *Crescent Intern., Inc. v. Avatar Communities, Inc.*, 857 F.2d 943, 944-45 (3d Cir. 1988) (upholding dismissal of case in the face of a forum selection clause that mandated resolution of disputes in Miami, Florida); *Wall Street Aubrey Golf, LLC v. Aubrey*, 2006 WL 1525515 at 1, n.1 (3d Cir. June 5, 2006) (upholding dismissal of case where forum selection clause directs litigation in Pennsylvania state court); *Dentsply Intern., Inc. v. Benton*, 965 F. Supp. 574 (M.D. Pa. 1997).

Furthermore, given that the court that presides over this case must apply California law, it is entirely appropriate to defer the adjudication to a California forum. *Falcone v. Mediterranean Shipping Co.*, 2002 WL 32348270 (E.D. Pa. Apr. 3, 2002) (dismissing case based on a forum-selection clause where foreign forum would be better at interpreting its own laws); *Hoffer v. InfoSpace.com, Inc.*, 102 F. Supp.2d 556, 577 (D.N.J. 2000) (transferring case from New Jersey to Washington State, in part, because the Washington courts are in a better position to interpret Washington law which would govern the case); *Suhre Associates, Inc. v. Interroll Corp.*, 2006 WL 231675 at 2 (D.N.J. Jan. 31, 2006) (holding it more appropriate to litigate the action in North Carolina, where the courts will be more familiar with the relevant North Carolina state law).

   **3. Enforcement of the forum selection clause will not deprive Lassoff of his day in court.**

Adjudicating this case in California will not be so inconvenient as to deprive Lassoff of his ability to litigate the case. While Lassoff may claim an increased burden in litigating the matter in California, "[m]ere inconvenience or additional expense is not the test of unreasonableness, since it may be assumed that the plaintiff received under the contract consideration for these things." *Central Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341, 344 (3d Cir. 1966).

Thus, courts have repeatedly held that the financial hardships of litigating the case in another forum will not justify voiding an otherwise valid forum selection clause. *See Commerce Commercial Leasing, LLC v. Jay's Fabric Center*, 2004 WL 2457737 (E.D. Pa. Nov. 2, 2004), citing *Central Contracting Co. v. Maryland Cas. Co.*, 367 F.2d 341, 344 (3d Cir. 1966). *See also Ferketich v. Carnival Cruise Lines*, 2002 WL 31371977 at 6 (E.D. Pa. Oct. 17, 2002) (holding that although plaintiff "is 75 years old and experiences difficulty in traveling, this inconvenience is not severe enough to demonstrate that litigating in Florida will 'be so manifestly and gravely inconvenient' for her that she will be deprived her day in court."); *Falcone v. Mediterranean Shipping Co.*, 2002 WL 32348270 (E.D. Pa. Apr. 3, 2002) (holding that Italy is not so inconvenient a forum as to justify invalidation of a forum selection clause); *Drucker's, Inc. v. Pioneer Electronics (USA), Inc.*, 1993 WL 431162 (D.N.J. Oct. 20, 1993) (holding that dismissal with leave to commence action in California is not so onerous as to justify invalidating forum selection clause).

Finally, there can be no dispute that California is a reasonable forum for litigating Plaintiff's claims. First, the alleged wrongful acts, that is, overcharging for internet advertising, occurred in California. Second, because Google is headquartered in California, the relevant documents and witnesses will almost certainly be located there as well. Third, the California courts have a great deal of expertise in commercial litigation involving similar web-based technology. Thus, it is clear that a California court is not only a reasonable forum but also the correct forum for adjudicating this dispute.

Lassoff freely and voluntarily chose to advertise with Google. He could have expended his advertising dollars somewhere else. Likewise, he could have attempted to negotiate a different forum for adjudicating disputes. But he did not. In entering into the contract, Plaintiff

accepted its benefits as well as its obligations. Because the contract prohibits Lassoff from suing in Pennsylvania, the Court should dismiss this action, without prejudice, allowing him to proceed in Santa Clara County, California.

   C. **In the alternative, if the Court does not dismiss or transfer this matter, it should dismiss Lassoff's fraud and unjust-enrichment claims**

If the Court does not dismiss or transfer this action, then it should dismiss Lassoff's new fraud claim for failure to plead the alleged fraud with particularity. *See* Fed. R. Civ. P. 9(b). Under Rule 9(b), "boilerplate and conclusory allegations will not suffice." *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1418 (3rd Cir. 1997). Boilerplate and conclusory allegations, however, are the only allegations of fraud that Lassoff has made in his terse Amended Complaint. He does not allege *who* on behalf of Google supposedly made a fraudulent representation, *what* the specific representation was, *when* it was made, nor the *circumstances* under which it was made. *See* Amended Compl. ¶¶ 17-20. Instead, he merely asserts that Google's actions constituted an "unlawful, unfair, and/or fraudulent business act and practice." *Id.* at ¶ 17. This falls far short of the particularity that Rule 9(b) requires. *See Burlington*, 114 F.3d at 1418 (dismissing fraud claims for failure to comply with Rule 9(b)).

Likewise, Lassoff has asserted claims for both breach of contract (Count II) and unjust enrichment (Count IV). But California law, which controls this action, bars claims for unjust enrichment when the parties' relationship is governed by an express contract. *California Medical Ass'n, Inc. v. Aetna U.S. Healthcare of California, Inc.*, 94 Cal. App. 4th 151, 172 (2001). Pennsylvania law does the same. *See Hershey Foods Corp. v. Ralph Chapek, Inc.*, 828 F.2d 989, 999 (3d Cir. 1987) (holding that "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or

express contract."); *Benefit Trust Life Ins. Co. v. Union Nat. Bank of Pittsburgh*, 776 F.2d 1174, 1177 (3d Cir. 1985) (same).

Here, the parties entered into a written contract, and Lassoff has sued Google for breaching that contract. (*See* Exhibit "A.") Accordingly, he cannot sue under a theory of unjust enrichment.

## IV. CONCLUSION

For the foregoing reasons, Defendant Google, Inc., respectfully requests that this Court grant its Motion to Dismiss the Amended Complaint. Since this dismissal will be without prejudice, Plaintiff will be able to refile this matter in the proper forum, that is, Santa Clara County, California. In the alternative, if this matter is not dismissed, Google requests that this Court dismiss Plaintiff's claims for fraud and unjust enrichment as set forth in Counts I and IV of Plaintiff's Amended Complaint.

LINDY & ASSOCIATES, P.C.

By: \s\ **Jeffrey M. Lindy**
    Jeffrey M. Lindy, Esquire
    David J. Berney, Esquire,
      Of Counsel
    1800 JFK Boulevard
    Suite 1500
    Philadelphia, PA 19103
    215.575.0702

    Attorneys for Defendant,
    Google, Inc.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL LASSOFF, on behalf of himself and other Pennsylvania and New Jersey residents similarly situated,<br><br>        Plaintiff,<br><br>        v.<br><br>GOOGLE, INC.,<br><br>        Defendant. | :<br>:<br>:<br>:<br>:<br>:<br>:   CIVIL ACTION<br>:   NO. 06-3542<br>:<br>:<br>: |

## **CERTIFICATE OF SERVICE**

I, David J. Berney, Esquire, counsel to defendant Google, Inc., in the above-captioned matter, hereby certify that on this 7th day of February, 2007, true and correct copies of the Motion of Defendant Google, Inc., to Dismiss Plaintiff's Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(6), Memorandum of Law in support thereof, and proposed forms of Order, were served by electronic filing (ECF) upon Samuel J. Lassoff, Esquire, Lassoff Law Associates, LLC, 1616 Walnut Street, Suite 1105, Philadelphia, Pennsylvania 19103 (*Pro Se* Plaintiff) and, subsequent to February 7, 2007, that is, on February 8, 2007, were served by regular mail.

                                                                                                                    /s/ David J. Berney
                                                                                                                    David J. Berney, Esquire