## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| SAMUEL LASSOFF, on behalf of himself, and : other U.S. residents similarly situated,    : | |
| : | |
| Plaintiff,    : | |
| : | Civil Action No. 06-3542 |
| v.    : | |
| : | |
| GOOGLE, INC., YAHOO! INC., and IAC INTERACTIVE CORP,    : | |
| : | |
| Defendants.    : | |
| : | |

## DEFENDANT YAHOO! INC.'S MOTION TO DISMISS
## PURSUANT TO FED. R. CIV. P. 12(b)(1), (3) AND (6)

Defendant Yahoo! Inc. ("Yahoo!"), by and through its undersigned counsel, hereby

moves for an order dismissing all claims against Yahoo! pursuant to Fed. R. Civ. P. 12(b)(1), for

lack of subject matter jurisdiction; pursuant to Fed. R. Civ. P. 12(b)(3), for improper venue; and

pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim upon which relief may be granted.

In support of its motion, Yahoo! hereby relies upon and incorporates the accompanying

Memorandum of Law in Support of Motion to Dismiss, the supporting Declaration of Ellie

Schwimmer, the proposed order filed concurrently herewith and the pleadings and papers on file

in this matter.

1

Dockets.Justia.com

WHEREFORE, Yahoo! respectfully requests that the Court grant its motion to dismiss all claims against Yahoo! pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6) and enter the attached order.

Dated:    March 23, 2007

**DUANE MORRIS LLP**

/s/ Robert M. Palumbos
Sandra A. Jeskie
Pa. ID. No. 79500
Robert M. Palumbos
Pa. ID. No. 200063
30 South 17th Street
Philadelphia PA 19103-4196
Tel.: (215) 979-1000
Fax: (215) 979-1020
Email: Jeskie@duanemorris.com
        RMPalumbos@duanemorris.com

Attorneys for Defendant Yahoo! Inc.

Of Counsel:
Dennis L. Wilson (Cal. Bar No. 155407)
Ellie Schwimmer (Cal. Bar No. 221522)
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363
Email:    dwilson@kmwlaw.com
          eschwimmer@kmwlaw.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

———————————————————————— :
                                                          :
SAMUEL LASSOFF, on behalf of himself, and :
other U.S. residents similarly situated,         :
                                                          :
                        Plaintiff,                      :
                                                          :
            v.                                          :      Civil Action No. 06-3542
                                                          :
GOOGLE, INC., YAHOO! INC., and IAC :
INTERACTIVE CORP,                            :
                                                          :
                        Defendants.                  :
———————————————————————— :

**MEMORANDUM OF LAW IN SUPPORT OF
MOTION TO DISMISS PURSUANT TO FED. R. CIV. P.  12(b)(1), (3) AND (6)**

Defendant Yahoo! Inc. ("Yahoo!) submits this memorandum of law in support of its

motion to dismiss for lack of subject matter jurisdiction, see Fed. R. Civ. P. 12(b)(1); for

improper venue, see Fed. R. Civ. P. 12(b)(3); and for failure to state a claim upon which relief

can granted, see Fed. R. Civ. P. 12(b)(6).

**1)      INTRODUCTION**

Plaintiff has filed a putative class action against Yahoo! and two other defendants,

Google, Inc. ("Google") and IAC Interactive Corp. ("IAC"), alleging that each defendant

improperly charged Plaintiff and putative class members for "fraudulent clicks" made on their

advertising links.  As discussed below, all such claims against Yahoo! should be dismissed.

First, Plaintiff cannot satisfy the jurisdictional requirements of the Court.  As a threshold

matter, Plaintiff fails to allege facts showing that the Court has subject matter jurisdiction of this

case.  Presumably, Plaintiff intends to claim jurisdiction under the Class Action Fairness Act of

2005 ("CAFA").  But CAFA will not help Plaintiff.  It is well-settled that an attorney cannot

ethically act as both a named representative and class counsel in a putative class action. Hence, Plaintiff's class action allegations must be dismissed, and in the absence of such class allegations, jurisdiction cannot exist under CAFA.

Next, with respect to Yahoo!, the claims in Plaintiff's amended complaint must be dismissed because Plaintiff has selected an improper venue. The contracts in issue in this case require all claims against Yahoo! to be litigated in Los Angeles, California. This forum selection clause requires the case against Yahoo! to be dismissed.

Finally, all claims against Yahoo! should be dismissed because Plaintiff cannot state any claim upon which relief may be granted. Plaintiff's contract claims should be dismissed because Yahoo! has not breached the terms of the contract and because Plaintiff has failed to allege a condition precedent to bringing a contractual claim. In each instance, the contracts in issue in this case contain the following provisions: 1) Plaintiff is responsible for paying for "all clicks" on his listings, 2) Plaintiff's use of Yahoo!'s electronic advertising "marketplace" is entirely at his own risk and 3) Plaintiff will not hold Yahoo! responsible for any acts committed by any third party with respect to Yahoo!'s marketplace. In addition, Plaintiff's purported breach of contract claim is subject to a condition precedent that Plaintiff notify Yahoo! in writing of any such claim within sixty (60) days of the time the charge is incurred "otherwise such claim or dispute will be waived and such charge will be final and not subject to challenge." Therefore, Plaintiff's breach of contract claim must also be dismissed because Plaintiff has failed to allege that it satisfied this condition precedent to his recovery. Moreover, because it is undisputable that Plaintiff is suing Yahoo! for doing exactly what its contract with Plaintiff expressly gives Yahoo! the right to do, the unfair business practices claim must also be dismissed.

Furthermore, Plaintiff's claim for fraud must be dismissed because Plaintiff fails to plead with the required particularity. Plaintiff's claim for negligence must be dismissed because the Contract between the parties does not impose a duty on Yahoo! "to monitor [his] advertising program for click fraud and to protect [P]laintiff and the class from click fraud." Finally, Plaintiff's claim for unjust enrichment must be dismissed because Plaintiff cannot assert a claim for unjust enrichment where there is an express agreement between the parties.

2)    **STATEMENT OF FACTS**

Plaintiff filed his first complaint on August 10, 2006, naming only defendant Google. On January 19, 2007, Plaintiff filed an amended complaint ("Complaint") for fraud, breach of contract, negligence, unjust enrichment and unfair business practices, and joined IAC Interactive Corp. ("IAC") and Yahoo! as defendants with Google.

With respect to the breach of contract claim, Plaintiff alleges that "Defendants either expressly and/or implicitly, contractually agreed to provide internet Pay Per Click advertising and/or services to Plaintiff[] and only charge for the actual click through advertising from actual consumers. Defendants breached that contract by collecting revenues for services which were not provided."[1] The other claims for relief, for fraud, negligence, unjust enrichment and unfair business practices, are all similarly based on the allegations that Defendants have acted in excess or in derogation of their contractual rights.

_____

[1] Yahoo!, through its subsidiary, Overture Services, Inc., pioneered the concept of pay-for-placement search results on the Internet. Yahoo! connects Internet users with Web advertisers and gets paid for these introductions. Yahoo!'s pay-for-placement business has two key components: advertisers and affiliate partners. Yahoo!'s advertisers bid on search terms – or key words – that are relevant to their businesses. In general, the more money an advertiser bids on a search term, the higher ranked the listing of the advertiser's web site will appear in Yahoo!'s search results when Internet users search on that term. These search results listing the advertisers' web sites are also referred to as "sponsored listings." Advertisers pay Yahoo! when an Internet user clicks on a sponsored listing.

In the present case, Plaintiff and the putative class members executed an express contract (the "Contract") with Yahoo! for the Internet advertising services in issue in the amended complaint.[2] By the terms and conditions of the Contract, any claims arising under the Contract must be pursued by Plaintiff in state or federal courts located in Los Angeles, California.  (Contract, ¶ 13.)

The Contract also contains many defenses to the claims in this case.  Notably, the Contract contains the following provisions: 1) Plaintiff is responsible for paying for "all clicks" on his listings, 2) Plaintiff's use of Yahoo!'s electronic advertising "marketplace" is entirely at his own risk and 3) Plaintiff will not hold Yahoo! responsible for any acts committed by any third party with respect to Yahoo!'s marketplace. In addition, Plaintiff's purported breach of contract claim is subject to a condition precedent that Plaintiff notify Yahoo! in writing of any such claim within sixty (60) days of the time the charge is incurred "otherwise such claim or dispute will be waived and such charge will be final and not subject to challenge."

**3)      THIS CASE MUST BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.**

Plaintiff has failed to allege facts showing that the Court has subject matter jurisdiction of this case.  Presumably, Plaintiff intends to claim jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  But CAFA cannot supply subject matter jurisdiction in this case.  Because an attorney cannot ethically act as both the putative class representative and class counsel,

---

[2]  A copy of the Contract is attached as Exhibit A to the Declaration of Ellie Schwimmer filed concurrently herewith. "[A] 'document *integral to or explicitly relied* upon in the complaint' may be considered 'without converting the motion [to dismiss] into one for summary judgment.'"  In re Burlington Coat Factory Securities Litigation**,** 114 F.3d 1410, 1426 (3rd Cir. 1997), citing Shaw v. Digital Equip. Corp., 82 F.3d 1194, 1224 (1st Cir. 1996) (original emphasis).

Plaintiff's class action allegations must be dismissed.  In the absence of class allegations, there

can be no jurisdiction pursuant to CAFA.

The Third Circuit has made it clear that an "attorney-plaintiff class representative may

not also serve as counsel for the class."  Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090

(3rd Cir. 1976); see also Turoff v. May Co., 531 F.2d 1357, 1360 (6th Cir. 1976) ("If the

interests of a class are to be fairly and adequately protected, if the courts and the public are to be

free of manufactured litigation, and if proceedings are to be without cloud, the roles of class

representative and of class attorney cannot be played by the same person").   Fechter v. HMW

Industries, 117 F.R.D. 362 (E.D. Penn. 1987) (plaintiffs' counsel's membership in plaintiff class

created appearance of impropriety).  The Third Circuit explained that:

> [t]he very nature of this litigation a Rule 23(b)(3) class action for money damages
> suggests the possibility that success, either by verdict and judgment or by
> settlement, would result also in a court-awarded attorneys' fee from the fund
> created for the benefit of the class … [Plaintiff] could be accused of a conflict of
> interest were he to anticipate a share of the potential court-awarded attorneys' fee
> in addition to his recovery as a member of the class.

Id. at 1089-90.  Here, Plaintiff has brought this purported class action Complaint under Rule

23(b)(3) and has expressly requested the Court to award "reasonable costs and expenses incurred

in the action, including attorneys fees …"  (Complaint, ¶ 6, Prayer ¶ 5.)  Thus, under established

Third Circuit authority, Plaintiff cannot act as both class representative and class counsel.

Because there is no class counsel, Plaintiff's class action allegations must be dismissed, and in

the absence of class allegations, jurisdiction cannot exist under CAFA.  Accordingly, the

amended complaint must be dismissed.

4)      **PLAINTIFF'S CLAIM FOR BREACH OF CONTRACT MUST BE DISMISSED.**

a) **THE COMPLAINT SHOULD BE DISMISSED ON THE BASIS OF THE FORUM SELECTION PROVISION IN THE OPERATIVE CONTRACT BETWEEN THE PARTIES.**

The Court has the power to dismiss this case under Rule 12(b)(6) where the venue may be proper "but the parties have agreed upon a not-unreasonable forum selection clause that points to another federal venue." Salovaara v. Jackson Nat'l Life Ins. Co., 246 F.3d 289, 298 (3rd Cir. 2001), citing Crescent Int'l Inc. v. Avatar Communities, Inc., 857 F.2d 943, 944 (3rd Cir. 1988). In this case, Plaintiff has based his claims against Yahoo! on the Contract wherein Yahoo! "agreed to provide internet Pay Per Click advertising and/or services to Plaintiff[] and only charge for the actual click through advertising from actual customers." (Complaint, ¶ 22.) This Contract clearly states that the claims against Yahoo! must be brought in Los Angeles, California. Indeed, it would make no sense to litigate this case in Pennsylvania when every single Plaintiff, putative or named, has expressly agreed to have this matter heard in California. Plaintiff cannot show any valid basis to avoid enforcement of the contractual forum selection provision at issue here. This Court should, therefore, follow the unbroken line of authority cited below and dismiss this case so that it may be pursued, if at all, in California.

Numerous decisions across the country enforcing forum selection provisions in online agreements substantially similar to the one between Plaintiff and Yahoo!. See, e.g., CompuServe, Inc. v. Patterson, 89 F.3d 1257 (6th Cir. 1996), (Internet Service Provider's forum selection clause contained in clickwrap agreement sufficient to confer jurisdiction of Ohio courts); Hughes v. McMenamon, 204 F. Supp. 2d 178 (D. Mass. 2002) (Internet Service Provider's forum selection clause contained in terms of service required dismissal); Forrest v. Verizon Communications, Inc., 805 A.2d 1007 (D.C. 2002) (motion to dismiss based upon

forum selection clause granted); Barnett v. Network Solutions, Inc., 38 S.W.3d 200 (Tex. App. Eastland 2001), review denied, (April 12, 2001) (applying Virginia law, the court upheld the online forum selection clause); Caspi v. Microsoft Network, L.L.C., 323 N.J. Super. 118, 732 A.2d 528 (N.J. App. Div. 1999) (motion to dismiss based upon forum selection clause granted); Stomp, Inc. v. NeatO, LLC, 61 F. Supp. 2d 1074 (C.D. Cal. 1999) (court noted that software distributed over the Internet may contain clickwrap agreement to require a consumer to agree to a choice of venue); Groff v. America Online, Inc., 1998 WL 307001 (R.I. Super. Ct. 1998) (court upheld forum selection clause in online user agreement).

The foregoing decisions rely on a standard announced in earlier cases whereby forum selection provisions were held to be presumptively valid and enforceable under federal law.[3]  In The Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18-19, 92 S. Ct. 1907, 1917-1918 (1972) the United States Supreme Court definitively held that forum selection provisions are "prima facie valid" and would be enforced unless enforcement was shown by the resisting party to be "unreasonable under the circumstances."  The narrowness of the "unreasonable under the circumstances" exception has been clarified in subsequent cases.

For instance, in Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595, 111 S.Ct. 1522, 1528 (1991) the plaintiffs were citizens of Washington who had purchased tickets from a Florida cruise line operator and subsequently sustained injury while at sea.  The tickets sent to the Washington plaintiffs had a form contract on the reverse side containing a clause designating the courts of Florida as the agreed upon forum for any dispute.  The plaintiffs argued that enforcement of the provision was "unreasonable" as that term was intended in Bremen because (1) the forum selection provision had not been negotiated but, rather, was part of a form contract

---

[3] Federal law determines the effect given a forum selection clause in a diversity action. Jumara v. State Farm Ins. Co., 55 F.3d 873, 877 (3rd Cir. 1995).

and (2) they (the plaintiffs) were physically and financially incapable of pursuing the litigation in Florida as was required by the contract.  The United States Supreme Court held that such grounds were an insufficient basis on which to hold enforcement of the forum selection provision to be unreasonable.  Id. 590-595.

The United States Supreme Court's opinions in Bremen and Carnival Cruise Lines were the basis for the Third Circuit's decision in In re Diaz Contracting, Inc., 817 F.2d 1047, 1052 (3rd Cir. 1987).  In that case, the Third Circuit flatly held that a forum selection provision in a form contact must be enforced absent circumstances not alleged to be present here:

> Because forum selection clauses are presumptively valid, the party objecting to enforcement of the clause bears the "heavy burden … of proving that enforcement would be unreasonable and unjust" under the circumstances.

Id., quoting The Bremen v. Zapata Off-Shore Co., 407 U.S. at 15.

To overcome the presumption of validity of the forum selection clause in the Contract, Plaintiff must show "(1) that it is the result of fraud or overreaching, (2) that enforcement would violate a strong public policy of the forum, or (3) that enforcement would in the particular circumstances of the case result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable."  In re Diaz Contracting, Inc., 817 F.2d at 1051, quoting Coastal Steel Corp. v. Tilghman Wheelabrator Ltd., 709 F.2d 190 (3rd Cir.), cert. denied, 464 U.S. 938, 104 S.Ct. 349, 78 L.Ed.2d 315 (1983).

To invalidate a forum selection clause on the grounds of fraud, "the party challenging the clause must show that the clause itself was procured through fraud. Fraudulent inducement as to the entire contract will not invalidate an otherwise valid forum selection clause." Nemo Associates, Inc. v. Homeowners Marketing Services Int'l, Inc., 942 F. Supp. 1025, 1028 (E.D.Pa.1996).  Here, Plaintiff does not and cannot show that the forum selection clause was the

result of fraud or overreaching. Indeed, Plaintiff has not sought to rescind the contract because of some alleged fraud in the inducement but, to the contrary, is seeking to enforce it and to obtain damages as a result of an alleged breach. Plaintiff holds himself out to be a sophisticated lawyer who has the "depth of experience usually found only in large, Center City law firms." (Exhibit B, printout of website Lassoff Law Associates.) Thus, Plaintiff is seemingly "capable of understanding and adjusting for the risks associated with a forum selection clause." General Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d 352, 356 (3d Cir.1986). There is no indication that Plaintiff was unaware of the forum selection clause or the consequences resulting from entering into the Contract containing the forum selection clause. "Simply because Plaintiff is unhappy, in retrospect, about the forum it designated is insufficient to warrant a finding that the clauses are unenforceable. It would be patently unfair to allow Plaintiff to avoid the mandates of the forum selection clauses due to inconvenience because we would merely be shifting the burden of inconvenience to the other party to the Agreement." Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1298 (3rd Cir. 1996).

        Plaintiff also does not and cannot show that enforcement of the forum selection clause would violate public policy. In fact, "[a] federal court sitting in diversity in Pennsylvania generally will honor forum selection clauses. There is no policy against the enforcement of such clauses under Pennsylvania law." Environmental Tectonics Corp. v. Royal Thai Air Force, 1994 WL 82002, *6 (E.D. Pa. 1994), citing Meritor Credit Corp. v. Total Funding Officenters, Inc., 1987 WL 13385 at *3 (E.D.Pa.1987);   Hodes v. S.N.C. Achille Lauro ed Altri-Gestione, 858 F.2d 905 (3rd Cir. 1988) ("To rule the forum selection clause unenforceable on policy grounds would be to revisit the 'parochialism' and 'provincialism' that the Supreme Court decried in … Bremen").

9

Finally, Plaintiff does not and cannot show that enforcement would seriously inconvenient Plaintiff if the case were brought in California. First, "where it can be said with reasonable assurance that at the time they entered the contract, the parties … contemplated the claimed inconvenience, it is difficult to see why any such claim of the inconvenience should be heard to render the forum selection clause unenforceable." In re Diaz Contracting, Inc., 817 F.2d at 1052, quoting General Eng'g Corp. v. Martin Marietta Alumina, Inc., 783 F.2d at 356. Moreover, any financial hardship claimed by Plaintiff in litigating the case in California does not outweigh the validity of the forum selection clause. "Mere inconvenience or additional expense is not the test of unreasonableness, since it may be assumed that the plaintiff received under the contract consideration for these things." Central Contracting Co. v. Maryland Casualty Co., 367 F.2d 341, 344 (3rd Cir.1966).

In sum, the forum selection provision at issue here was part of the Contract that Plaintiff freely agreed to accept. There is no unreasonableness or fraud that has been or can be alleged so as to render the forum selection provision of the Contract at issue here unenforceable. Nor does enforcement of the forum selection clause violate any public policy or seriously inconvenience Plaintiff so as to deprive Plaintiff of his day in court. Under these circumstances, the Court should, consistent with all of the applicable authority, order this case dismissed based on the filing in an improper forum.

      **b)**     **WHEN READ AS A WHOLE, THE CONTRACT BY AND BETWEEN THE PARTIES, CLEARLY MAKES PLAINTIFF LIABLE FOR "ALL CLICKS", EVEN THE "FRAUDULENT CLICKS" ON WHICH HIS CLAIM FOR RELIEF IS BASED.**

A court must not dismiss a complaint for failure to state a claim "unless it appears beyond doubt that the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). Indeed, a

court need not accept as true unreasonable inferences or conclusory allegations cast in the form of factual allegations. In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1429-30 (3rd Cir. 1997), quoting Glassman v. Computervision Corp., 90 F.3d 617, 628 (1st Cir. 1996) ("In deciding a motion to dismiss, a court must take well-pleaded facts as true but need not credit a complaint's 'bald assertions' or 'legal conclusions'"). Plaintiff's claim for breach of contract alleging that it has been improperly charged for invalid clicks made by third parties must be dismissed because the unambiguous terms of the contract make it clear that Plaintiff, not Yahoo!, is entirely liable for such charges.

Paragraph 2 of the Sponsored Listings Program Terms and Condition, included in the Contract, states in relevant part:

> You understand and agree that, in addition to any service fee, you will be charged for all clicks on your listings, (no matter whether a click occurred on a [Yahoo!] Web site or a Third Party Product within the [Yahoo!] Distribution Network), and that such charges will be based on the number of clicks on all your listings, multiplied by the cost of each of your listings, which shall be computed according to the [Yahoo!] Marketplace rules (the "Click Charges").

(Contract at ¶ 2)(emphasis added)

Paragraph 13 of the Contract states:

> YOU EXPRESSLY AGREE THAT YOUR USE OF ANY PROGRAM (INCLUDING, WITHOUT LIMITATION, ANY [YAHOO!] DISTRIBUTION NETWORK(S) AS DEFINED IN THE APPLICABLE PROGRAM TERMS), [YAHOO!] MARKETPLACE, [YAHOO!] SYSTEM OR [YAHOO!] WEB SITE IS AT YOUR OWN RISK. THE PROGRAMS, THIRD PARTY PRODUCTS, [YAHOO!] DISTRIBUTION NETWORKS, [YAHOO!] MARKETPLACES, [YAHOO!] SYSTEMS, AND YAHOO! WEB SITES ARE ONLY AVAILABLE ON AN "AS IS" BASIS, WITHOUT WARRANTY OF ANY KIND, EXPRESS OR IMPLIED. NEITHER [YAHOO!] NOR ANY OF THE [YAHOO!] ENTITIES MAKES ANY WARRANTY OR REPRESENTATION WHATSOEVER REGARDING THE PROGRAMS, THIRD PARTY PRODUCTS, [YAHOO!] DISTRIBUTION NETWORKS, [YAHOO!] MARKETPLACES, [YAHOO!] SYSTEMS, AND YAHOO! WEB SITES, THE SUCCESS OF YOUR USE THEREOF AS MEASURED IN ANY WAY,  ANY

INFORMATION, SERVICES OR PRODUCTS PROVIDED OR AVAILABLE THEREFROM OR WEB SITES LINKED THERETO OR THEREFROM.

(Contract at ¶ 9)(emphasis in original)

Paragraph 10 of the contract states:

YOU AGREE THAT YOU WILL NOT HOLD [YAHOO!] RESPONSIBLE FOR THE SELECTION OR RETENTION OF, OR ANY ACTS, ERRORS, OR OMISSIONS BY, ANY THIRD PARTY IN CONNECTION WITH THE PROGRAMS, THIRD PARTY PRODUCTS, [YAHOO!] DISTRIBUTION NETWORKS, [YAHOO!] MARKETPLACES, [YAHOO!] SYSTEMS, AND YAHOO! WEB SITES OR WEB SITES LINKED TO THEREFROM …

(Contract at ¶ 10) (emphasis in original)

Paragraph 15 states:
This Agreement constitutes the entire Agreement between the parties with respect to the subject matter contained herein and supersedes all previous and contemporaneous agreements, proposals and communications, written or oral, between you and [Yahoo!] regarding the subject matter contained herein.  Only a written instrument executed by the party waiving compliance may waive the terms or covenants of the Agreement.

(Contract at ¶ 15)

Plaintiff alleges that Yahoo! agreed to charge it for clicks made only by "*actual* customers."  (Complaint, ¶ 22, emphasis added.)  However, the Contract clearly states that Plaintiff is required to pay for *all* clicks.  (Sponsored Listings Program Terms and Conditions included in the Contract, ¶ 2).  Plaintiff is attempting to vary the terms of the unambiguous integrated Contract so as to give the Contract a meaning to which it is not reasonably susceptible.  Both Pennsylvania and California law generally impute to a party the intention corresponding to the reasonable meaning of a written contract.  <u>Matthews v. Unisource Worldwide, Inc.</u>, 748 A.2d 219, 222 (Pa. Super. 2000); <u>Merced County Sheriff's Employee's Assn. v. County of Merced</u>, 188 Cal.App.3d 662, 672, 233 Cal.Rptr. 519, 525-26 (1987).  "'Where there has been no allegation of mistake, fraud, overreaching, or the like, it is not the function of the court to redraft

the agreement more favorable to a given party than that which he chose to enter into.'"

Schreiner v. City of McKeesport, 512 Pa. 412, 416, 517 A.2d 906, 908 (Pa. 1986), quoting

Harris v. Dawson, 479 Pa. 463, 388 A.2d 748, 750 (1978); Estate of Wilson, 64 Cal.App.3d 786,

802, 134 Cal.Rptr. 749 (1976) (in the absence of fraud or imposition, a party to a contract is

bound by its contents and "is estopped from saying that its provisions are contrary to his

intentions or understandings").  Further, under both Pennsylvania and California law, the words

of a contract are to be understood in their ordinary and popular sense, rather than by any strict

legal meaning. Profit Wize Marketing v. Wiest, 812 A.2d 1270, 1274 (Pa. Super. 2002); Beck v.

American Health Group Internat., Inc., 211 Cal.App.3d 1555, 1562, 260 Cal.Rptr. 237 (1989).

Thus, under the applicable law of contract interpretation, this Court can and should again

construe the Contract at issue here to mean exactly what is says when it states that Plaintiff will

be charged "for all clicks on your search listings."  "All clicks" in the Contract means "all

clicks."

    Moreover, Plaintiff cannot properly avoid the clear language of the contract by carving

out a single term and extrapolating.  Rather, contracts are required to be interpreted as a whole.

Seven Springs Farm, Inc. v. Croker, 748 A.2d 740, 753 (Pa. Super. 2000), citing Bethlehem Steel

Corp. v. MATX, Inc., 703 A.2d 39, 42 (Pa. Super. 1997); Neverkovec v. Fredericks, 74

Cal.App.4th 337, 349, 87 Cal.Rptr.2d 856 (1999) (citations omitted).  There is simply no way

that the Contract can be interpreted to make Yahoo! responsible for the invalid clicks committed

by third parties when paragraphs 3, 13, 14 and 20 of the Contract state directly to the contrary.

As the California Court of Appeal has stated "when a dispute arises over the meaning of contract

language, the first question to be decided is, whether the language is reasonably susceptible to

the interpretation urged by the party."  Oceanside 84, Ltd. v. Fidelity Federal Bank, 56 Cal. App.

4th 1441, 1448, 66 Cal. Rptr.2d 487 (1997); see also O'Farrell v. Steel City Piping Co., 266 Pa. Super. 219, 229, 403 A.2d 1319, 1324 (1979). Where, for example, the Contract language requiring a party to pay "for all clicks" cannot be interpreted to mean that party is chargeable only for "actual click[s] … from actual customers", "the case is over." Oceanside 84, Ltd. v. Fidelity Federal Bank, 56 Cal. App. 4th at 1448. This result is compelled by the case law. For instance, in Edwards v. Comstock Insurance Co., 205 Cal.App.3d 1164, 252 Cal.Rptr. 807 (1988), the plaintiff attempted to avoid the clear language of a release agreement he signed by arguing that when he released "all claims" it really meant "all claims except for bad faith, unfair practices or violations of the Insurance Code." Id. at 1167. In a ruling particularly apt here, the California Court of Appeal rejected that argument stating:

> Appellants urge us to interpret the plain language in their release agreement discharging respondents from 'any and all claims …' to mean 'all claims except for bad faith…' Under the circumstances presented here, we decline to rewrite appellants' release agreements to include a concept they failed to enunciate at the time they accepted the terms of the settlement with their insurer.
>
> 'The general rule is that when a person with the capacity of reading and understanding an instrument signs it, he is, in the absence of fraud and imposition, bound by its contents, and is estopped from saying that its provisions are contrary to his intentions or understanding….'[Citation.]… In light of the circumstances we have described above, we agree with the trial court that parol evidence of [appellants'] undisclosed intention…is inadmissible to contradict a release in which [they] unambiguously relinquish their right to pursue *all* claims…

(Id. at 1167-1169.)

Like the plaintiff in Comstock, Plaintiff here is improperly attempting to graft language into his Contract with Yahoo! to change the clear meaning that, absent such revisionism, makes Plaintiff liable for all clicks made onto his search listings.

In sum, the Contract is unambiguous. It states that Plaintiff is required to pay for "all clicks" on his search listings. It states that Plaintiff utilizes the Yahoo! Marketplace at his own

risk and on an "as is" basis. It states that Yahoo! is not responsible for the acts or omissions of third parties. It also states that the Contract is integrated. Under these circumstances, Plaintiff cannot properly allege that Yahoo! has improperly charged it for clicks made by third parties. Plaintiffs' purported claim for breach of contract must, therefore, be dismissed with prejudice.

c)    **PLAINTIFF HAS FAILED TO ALLEGE SATISFACTION OF A CONDITION PRECEDENT TO HIS RECOVERY – A TIMELY WRITTEN OBJECTION TO THE DISPUTED CLAIMS**

The Contract between Plaintiff and Yahoo! states in relevant part:

> You must submit any claims or disputes you may have with respect to any charge to your account in writing to Yahoo! within 60 days of such charge otherwise such claim or dispute will be waived and such charge will be final and not subject to challenge.

(Contract, ¶ 2).

California law enforces provisions limiting the time in which to provide notice of a claim. Capehart v. Heady, 206 Cal. App. 2d 386, 391, 27 Cal. Rptr. 851 (holding three month contractual limitation period on claims was reasonable and enforceable); 3 WITKIN CALIFORNIA PROCEDURE, Fourth Ed., Actions § 223, (1997) noting that notice requirements are enforceable if reasonable; see also Inman v. Clyde Hall Drilling Company, 369 P.2d 498 (Alaska 1962) (affirming dismissal of claim based on failure to satisfy condition precedent of giving written notice of claim within 30 days after claim arose).

A plaintiff cannot enforce the defendant's obligation under a contract unless the plaintiff has first performed all of the conditions precedent imposed on him or her. Civil Code section 1439; Consolidated World Investments v. Lido Preferred Ltd., 9 Cal.App.4th 373, 380-381, 11 Cal.Rptr.2d 524 (1992). Accordingly, the allegation of performance of all conditions precedent is an essential part of a cause of action for a breach of contract. 4 WITKIN CALIFORNIA PROCEDURE, Fourth Ed., Pleading § 491 (1997). In this case, Plaintiff failed to allege that it

notified Yahoo! in writing that it disputed the charges for which it is seeking recovery within the sixty days required under the Contract.  For this reason as well, the Complaint must be dismissed.

**5)**    **PLAINTIFF'S CLAIM FOR FRAUD FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

First, under Pennsylvania's "gist of the action" doctrine, Plaintiff cannot re-cast his breach of contract claim as a tort claim.  Global Ground Support, LLC v. Sautter Crane Rental, Inc., 2007 WL 128888 (E.D. Pa. 2007), citing Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. 2003).

> [A]lthough they derive from a common origin, distinct differences between civil actions for tort and contract breach have developed at common law. Tort actions lie for breaches of duties imposed by law as a matter of social policy, while contract actions lie only for breaches of duties imposed by mutual consensus agreements between particular individuals. To permit a promisee to sue his promisor in tort for breaches of contract inter se would erode the usual rules of contractual recovery and inject confusion into our well-settled forms of actions.

Id., quoting Bash v. Bell Tel. Co. of Pa., 411 Pa. Super. 347, 601 A.2d 825, 829 (1992).  Thus, Plaintiff's claim for fraud arising from the Contract must be dismissed.

Second, Plaintiff's fraud claim is barred by the economic loss doctrine, since is it "undergirded by factual allegations identical to those supporting their breach of contract counts." Werwinski v. Ford Motor Co., 286 F.3d 661, 678 (3rd Cir. 2002), quoting Pub. Serv. Enter. Group, Inc. v. Phila. Elec. Co., 722 F.Supp. 184, 201 (D.N.J.1989).  Thus, Plaintiff's fraud claim, which is based on alleged overcharging of clicks arising from an alleged breach of contract, and any resulting damages are solely economic, Plaintiff's claim for fraud must be dismissed.

Furthermore, Plaintiff fails to plead his alleged fraud claim with the required particularity.  Rule 9(b) of the Federal Rules of Civil Procedure requires that "[i]n all averments

of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Moreover, "averments of time and place are material."  FRCP 9(f).  Thus, "Plaintiff[] must accompany [his] legal theory with factual allegations that make their theoretically viable claim plausible."  In re Burlington Coat Factory Securities Litigation, 114 F.3d at 1418.  To satisfy the requirements of Rule 9(b), Plaintiff must plead the date, place or time of the fraud, and allege with specificity who made the relevant misrepresentations. Lum v. Bank of America, 361 F.3d 217, 224 (3rd Cir. 2004).  In the Complaint, Plaintiff asserts none of these particular facts.  Rather, Plaintiff merely states that "Yahoo! … is liable for its fraudulent handling of Plaintiff's advertising account" and that Yahoo!'s conduct "was unlawful, unfair and/or fraudulent business act and practice."  (Complaint, ¶¶ 5, 17.)  Thus, since Plaintiff asserts only "boilerplate and conclusory allegations", Plaintiff's claim for fraud must be dismissed.  In re Burlington Coat Factory Securities Litigation, 114 F.3d at 1435.

**6)    PLAINTIFF'S CLAIM FOR NEGLIGENCE FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

As stated above, under Pennsylvania's "gist of the action" doctrine, Plaintiff cannot re-cast his breach of contract claim as a tort claim.  Global Ground Support, LLC v. Sautter Crane Rental, Inc., 2007 WL 128888 (E.D. Pa. 2007), citing Pittsburgh Constr. Co. v. Griffith, 834 A.2d 572, 581 (Pa. Super. 2003); Cutting Edge Sports, Inc. v. Bene-Marc, Inc., 2006 WL 1492452 (Pa.Com.Pl.) ("negligence claims that essentially duplicate breach of contract claims fail under the gist of the action doctrine … [thus] plaintiff may not also assert negligence claims against defendants for breach of … contractual duties").  Thus, Plaintiff's claim for negligence, which arises from an alleged breach of contract, must be dismissed.

In addition, "no cause of action exists for negligence that causes only economic loss." Duquesne Light Co. v. Pa. Am. Water Co., 850 A.2d 701, 703 (Pa.Super.2004), quoting Aikens

v. Baltimore and Ohio R.R. Co., 348 Pa. Super. 17, 501 A.2d 277, 279 (1985). Thus, since Plaintiff's negligence claim is based on alleged overcharging of clicks and any resulting damages are solely economic, Plaintiff's claim for negligence must be dismissed.

Furthermore, Plaintiff fails to sufficiently plead all of the elements required to bring a valid negligence claim. Plaintiff must demonstrate: (1) a duty of care; (2) the breach of the duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual loss or damage resulting to the plaintiff. Farabaugh v. Pennsylvania Turnpike Com'n, 911 A.2d 1264, 1272-73 (Pa. 2006), citing R.W. v. Manzek, 585 Pa. 335, 888 A.2d 740, 746 (2005). The primary element in any negligence cause of action is that the defendant owes a duty of care to the plaintiff. Althaus ex rel. Althaus v. Cohen, 562 Pa. 547, 552, 756 A.2d 1166 (Pa. 2000), citing Gibbs v. Ernst, 538 Pa. 193, 210, 647 A.2d 882 (1994). Plaintiff asserts that Yahoo! "owed a duty to Plaintiff and the Class to monitor its advertising program for click fraud and to protect Plaintiff and the Class from click fraud." (Complaint, ¶ 25.) However, the plain language of the Contract does not create any duty whatsoever on the part of Yahoo!, but clearly provides the contrary. Thus, Plaintiff's claim for negligence must be dismissed. Raimo Corp. v. Indian Harbor Ins. Co., 2005 WL 1706981 *2 (Pa.Com.Pl. 2005).

**7)    PLAINTIFF'S CLAIM FOR UNJUST ENRICHMENT FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

Plaintiff alleges that Yahoo! "received and retained money belonging to Plaintiff and the Class resulting from clicks made for an improper purpose, i.e. fraudulent clicks." (Complaint, ¶ 28.) Plaintiff asserts that money charged to it for allegedly illegitimate and/or improper advertising must be refunded under an unjust enrichment theory. Id.

The Third Circuit has expressly held that "the quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written

agreement or express contract." Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999

(3rd Cir. 1987), quoting Benefit Trust Life Ins. Co. v. Union Nat. Bank, 776 F.2d 1174 (3rd

Cir.1985); see also Berkla v. Corel Corp., 302 F.3d 909, 918 (9th Cir. (Cal.) 2002).  Plaintiff has

alleged and is expressly relying on the existence of the valid binding Contract between the

parties ("Defendants either expressly and/or implicitly, contractually agreed to provide internet

Pay Per Click advertising and/or services to Plaintiff. . .").  (Complaint, ¶ 22.)  Thus, Plaintiff's

unjust enrichment claim should be dismissed.  Moreover, because Plaintiff cannot in good faith

deny the existence of a contract with Yahoo!, any attempt at an amendment would be futile and,

therefore, the dismissal should be ordered with prejudice.  Emtec Inc., v. Condor Tech.

Solutions, Inc., 1998 WL 834097, at *2-3 (E.D. Pa. 1998) (plaintiff denied leave to amend

complaint to include unjust enrichment claim because parties' relationship was based on express

written contract).

**8)    PLAINTIFF'S CLAIM FOR UNFAIR BUSINESS PRACTICES FAILS TO STATE A CLAIM ON WHICH RELIEF CAN BE GRANTED.**

Plaintiff simply repeats and realleges his prior allegations as a claim for unfair business

practices under "Pennsylvania, New Jersey and Federal Law."[4]  First, to bring a private action

under Pennsylvania's Unfair Trade Practices and Consumer Protection Law ("UTPCPL"), a

plaintiff must be a "person who purchases or leases goods or services primarily for personal,

family or household purposes."  73 P.S. § 201-9.2(a); Balderston v. Medtronic Sofamor Danek,

Inc., 285 F.3d 238, 242 (3rd Cir. 2002).  Plaintiff is not an individual consumer but, rather, is a

business person who advertises on Yahoo!'s distribution network under a business-to-business

---

[4] Yahoo! notes, again, that there is no causal connection to the State of New Jersey and, thus, New Jersey law does not apply to this case.  Furthermore, Yahoo! is unaware of any private right of action to a federal statute for unfair business practices.  Therefore, Yahoo! will assume for the purpose of this motion that Plaintiff brings this claim under Pennsylvania's Unfair Trade Practices and Consumer Protection Law.

contractual relationship.  Plaintiff purchased advertising services from Yahoo! for the purpose of advertising his business, not for any personal, family or household use.  Thus, Plaintiff does not have standing to sue under Pennsylvania's UTPCPL and his claim for unfair business practices must be dismissed.

Second, "[i]n order to state a claim under the UTPCPL, a plaintiff must allege one of the 'unfair or deceptive practices' set forth in 73 P.S. § 201-2(4)(i)-(xxi).  <u>Feeney v. Disston Manor Personal Care Home, Inc.</u>, 849 A.2d 590, 597 (Pa. Super. 2004), citing <u>Romeo v. Pittsburgh Assocs.</u>, 787 A.2d 1027 (Pa.Super.2001).  Plaintiff does not specifically call out <u>any</u> provision of the UTPCPL he claims Yahoo! violated, nor do his general allegations support a claim under the UTPCPL.  Thus, Plaintiff's claim unfair business practices must be dismissed.  <u>Id</u>. at 598.

Third, in order to bring a valid claim under the UTPCPL, "a plaintiff must establish his specific reliance on some conduct or representation by the defendant that caused him to incur the loss in question."  <u>Sexton v. PNC Bank</u>, 792 A.2d 602, 607 (Pa. Super. 2002).  Plaintiff has failed to plead reliance on any conduct or representation by Yahoo!, but merely states that "[a]s a proximate result of … Yahoo!'s … conduct … Plaintiff and the Class have sustained pecuniary loss."  (Complaint, ¶ 32.)  Thus, Plaintiff fails to state a claim under the UTPCPL and his claim must be dismissed.

Finally, since Yahoo! has demonstrated that Plaintiff's allegations fail to state a cause of action for breach of contract under both Pennsylvania and California law, such fact is also fatal to Plaintiff's unfair business practices claim.  The legal concept of unfair competition has evolved as a broad and flexible doctrine, but it is not unlimited.  The Ninth Circuit has expressly held that one of the limits is that "[a] court may not allow a plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition."  <u>Chebner v.</u>

United of Omaha Life Ins. Co., 225 F.3d 1042, 1048 (9th Cir. 2000), quoting Cel-Tech
Communications, 83 Cal. Rptr.2d 548, 973 P.2d at 541.  That is exactly what Plaintiff is
attempting to do here.  In this vein, California courts have also expressly held that California's
UCL "does not give the courts a general license to review the fairness of contracts. . ."
California Medical Assn. v. Aetna U.S. Healthcare of California, Inc., 94 Cal.App.4th at 169-
170.  Plaintiff's claim for relief for unfair business practices must, thus, also be dismissed
because it adds nothing to the other barred claims.

        This is not a case in which Yahoo! can fairly be characterized as frustrating the
reasonable expectations of Plaintiff under the Contract between the parties.  Rather, this is a case
in which Plaintiff has no reasonable expectation based on the Contract it entered into that it will
not be charged for allegedly invalid clicks, yet it is nevertheless suing to avoid such charges.
Yahoo! gave clear unambiguous notification to Plaintiff that 1) Plaintiff would be required to pay
for all clicks on his search listings, 2) Plaintiff used the Yahoo! Marketplace "as is" without any
warranty or representation of the effectiveness of his search listings as measured in any way, and
3) Yahoo! was not responsible for the acts of third parties.  Because the fact that Plaintiff will be
charged for all clicks made on his search listings is clearly specified in the Contract, and Plaintiff
has no reasonable expectation based on the Contract to the contrary, any purported claim for
violation of the UTPCPL must be dismissed.  This Court should, therefore, proceed to dismiss
Plaintiffs' unfair business practices count with prejudice as a matter of law.

**9)**     **CONCLUSION**

For the reasons stated above, Yahoo! respectfully requests and order granting Yahoo!'s

motion to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6).


Dated:      March 23, 2007          **DUANE MORRIS LLP**
                                       /s/ Robert M. Palumbos
                                       Sandra A. Jeskie
                                       Pa. ID. No. 79500
                                       Robert M. Palumbos
                                       Pa. ID. No. 200063
                                       30 South 17th Street
                                       Philadelphia PA 19103-4196
                                       Tel.: (215) 979-1000
                                       Fax: (215) 979-1020
                                       Email: Jeskie@duanemorris.com
                                                     RMPalumbos@duanemorris.com

                                       Attorneys for Defendant Yahoo! Inc.

Of Counsel:
Dennis L. Wilson (Cal. Bar No. 155407)
Ellie Schwimmer (Cal. Bar No. 221522)
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone:  (310) 248-3830
Facsimile:  (310) 860-0363
Email:      dwilson@kmwlaw.com
            eschwimmer@kmwlaw.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| ———————————————————— : | |
| SAMUEL LASSOFF, on behalf of himself, and : | |
| other U.S. residents similarly situated, : | |
| : | |
| Plaintiff, : | |
| : | Civil Action No. 06-3542 |
| v. : | |
| : | |
| GOOGLE, INC., YAHOO! INC., and IAC : | |
| INTERACTIVE CORP, : | |
| : | |
| Defendants. : | |
| ———————————————————— : | |

**<u>ORDER</u>**

AND NOW, this _____ day of _____, 2007, upon consideration of the motion of defendant Yahoo! Inc. ("Yahoo!") to dismiss the claims against Yahoo! pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6), and any response thereto, it is hereby ORDERED and DECREED that Yahoo!'s motion is GRANTED.

BY THE COURT:

_____
HONORABLE MARY A. McLAUGHLIN

Judge, United States District Court

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 23, 2007, I caused a true and correct copy of the foregoing

Defendant Yahoo! Inc.'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6), the

accompanying Memorandum of Law in Support of Motion to Dismiss, and the supporting

Declaration of Ellie Schwimmer to be filed via the Official Court Electronic Document Filing

System.  By virtue of this filing, service of the foregoing documents upon the following counsel,

being Electronic Case Filing Users, is complete upon counsels' receipt of the Court's e-mail

notification of the Notice of Electronic Filing:

> Samuel J. Lassoff, Esquire
> David J. Berney, Esquire
> Jeffrey M. Lindy, Esquire

> /s/ Robert M. Palumbos
> Robert M. Palumbos
> DUANE MORRIS LLP
> 30 South 17th Street
> Philadelphia, PA  19103
> 215.979.1111
> 215.979.1020 (fax)
> rmpalumbos@duanemorris.com