IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL LASSOFF, on behalf of himself, and other U.S. residents similarly situated, : : : Plaintiffs, : : v. : : YAHOO, INC. & IAC INTERACTIVE CORP. : : Defendants. : | CIVIL ACTION NO. 06-3542 |

SAMUEL LASSOFF, on behalf of himself,            :
and other U.S. residents similarly situated,     :
                                                 :
                        Plaintiffs,              :
                                                 :
            v.                                   :    CIVIL ACTION
                                                 :    NO. 06-3542
YAHOO, INC. & IAC INTERACTIVE CORP.              :
                                                 :
Defendants.                                      :

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANT YAHOO'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.CIV.P. 12(B)(1),(3) AND (6)**

Class Action Plaintiffs submit the following Memorandum of Law in support of their Repose To Defendant's Motion to Dismiss Plaintiffs' Complaint Pursuant to Fed.R.Civ.P. 12(b)(1),(3) & (6).

I.      **INTRODUCTION**

Yahoo Inc. is the second most powerful multinational corporation in the pay per click advertising industry. Any contract allegedly entered into by Class Action Plaintiffs was a contract of adhesion; a take it or leave it basis was demanded by Defendant Yahoo without affording the Class Action Plaintiffs a realistic opportunity to bargain, and under such conditions a member of the Class could not obtain desired services except by acquiescing in Defendant's form contract. Class Action Plaintiffs allege that they purchased internet advertising with Defendant Yahoo, and Yahoo committed click fraud as stated in Plaintiffs' Amended Class Action Complaint, a document which speaks for itself. Plaintiffs action is not barred, as

Plaintiffs properly opted out or were not properly notified of any nationwide class-action settlement.[1]

## II. ARGUMENT

Defendant Yahoo's Personal Jurisdiction depends on sufficient minimal contacts with the forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." International Shoe Company v. Washington, 326 U.S. 310, 316, 66 S.Ct. 154, 158 (1945); see also Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082 (9th Cir. 2000). The Third Circuit employs a three-part test to analyze whether a party's "minimum contacts" meet the Supreme Court's directive. This "minimum contacts" test is satisfied when (1) the defendant has performed some act or consummated some transaction within the forum or otherwise purposefully availed himself of the privileges of conducting activities in the forum, (2) the claim arises out of or results from defendant's forum-related activities, and (3) the exercise of jurisdiction is reasonable. See Bancroft & Masters, Inc. v. Augusta Nat'l Inc., 223 F.3d 1082 (9th Cir. 2000). In this case, it is alleged that Yahoo has committed click fraud throughout the United States, including, but not limited to, the Commonwealth of Pennsylvania. Therefore, the exercise of jurisdiction by the Eastern District of Pennsylvania is reasonable.

In the class action context, the minimum contacts requirement is satisfied where a class member has received adequate notice of the action and has been afforded the opportunity to opt out; and has opted out of the lawsuit. See Phillips Petroleum Co. v. Shutts, 472 U.S. 797, 811-12 105 S.Ct. 2965, 2974 (1985). See a true and correct copy of Plaintiffs' opt out letter attached hereto as Attachment "B".

---

1 Plaintiffs' opt out letter(s) is/are available through the discovery phase of this matter.

This Court should deny Yahoo's Motion because the alleged choice of forum clause in its contract of adhesion was incomplete and or a hidden scroll-down box with mundane boiler-plate language; and furthermore, Plaintiffs' Class Action counsel are not members of the Defendant's proposed forum (e.g. Los Angeles, California). Furthermore, Plaintiffs' name or signature does not even appear on the alleged contract. Regardless of these facts, it is an undue burden to force Plaintiffs to litigate this matter in any California Court. In this regard, Plaintiffs deny that the contract they signed contained a forum-selection and choice of law clause and demand strict proof at the time of trial thereof. Furthermore, "trial in the contractual forum will be so gravely difficult and inconvenient that … the party seeking the non-contractual forum … will for all practical purposes be deprived of his day in court." *M/S Bremen v. Zapata OffShore Co.*, 407 U.S. 1, 18 (1972). Yahoo is a nationwide corporation and its business activities have certainly availed itself to personal jurisdiction in the Eastern District of Pennsylvania under *Pennoyer v. Neff* and *International Shoe*; and all of the black letter personal jurisdiction law and additional "minimal contacts" case law jurisprudence.

Furthermore, Defendant Yahoo's Motion challenges the factual allegations contained in Plaintiffs' Amended Class Action Complaint. This is contrary to the well-settled rule that in considering a motion to dismiss under Fed.R.Civ.P. 12(b)(1),(3) & (6), the Court must take as true the allegations of the Complaint and construe them in favor of the Class Action Plaintiffs. See *Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1486 (11 Cir. 1992), cert. denied, 507 U.S. 987 (1993). Because Defendant Yahoo's Motion fails to meet Fed.R.Civ.P. 12(b)(1),(3) & (6) requirements, by not taking the allegations as true and by relying upon assertions of fact outside the Complaint, the motion should be denied. Defendant Yahoo suggests, but does not request, that the Court may convert this motion to a Rule 56 motion for summary judgment. In

the event that the Court wishes to convert this motion, Class Action Plaintiffs request that they be provided an adequate amount of time to conduct discovery related to these factual issues. Contrary to Defendant Yahoo's assertions, discovery is necessary. Frequently, the full scale of fraud cannot be determined from the face of a Class Action Complaint alone. Thus, Class Action Plaintiffs require discovery in order to test the assertions of fact made by Defendant Yahoo.

### A. PLAINTIFFS' CLASS ACTION COMPLAINT CLAIMS ARE OUTSIDE OF CONTRACT

Class Action Plaintiffs entered into a contract to use Yahoo's Overture program on or before October 2005. Overture allows advertisers to bid against each other in order to have their ads displayed when Internet users type selected keywords in their searches. The advertiser then pays Yahoo each time a user clicks on its ad, regardless of whether the click is legitimate or fraudulent. Plaintiffs used the Overture program to display ads for their businesses with certain keywords in an effort to attract business. Plaintiffs were defrauded by Yahoo as stated in Plaintiffs' Amended Class Action Complaint, and many Plaintiffs lost several thousand dollars due to Defendant Yahoo's fraud. Fraud or "Click Fraud"; as stated specifically in Plaintiffs' Amended Class Action Complaint, a document which speaks for itself; is outside the realm of any contract or contract law dispute or argument Yahoo, Inc. has with Plaintiffs. Likewise, Plaintiffs' unjust enrichment claim is also outside of contract as stated supra.

### B. PLAINTIFFS RIGHT TO AMEND CLASS ACTION COMPLAINT

Plaintiffs, at a minimum, should be afforded the opportunity to amend their Complaint to address any issues the Court deems relevant.

Under Rule 15(a) of the Federal Rules of Civil Procedure, "[a] party may amend the party's pleading ... before a responsive pleading is served. . . ." Fed.R.Civ.P. 15(a). The defendants in this

case never filed an answer. Instead, they filed a motion to dismiss. "A motion to dismiss is not a 'responsive pleading' within the meaning of the Rule. Neither the filing nor granting of such a motion before answer terminates the right to amend; an order of dismissal denying leave to amend at that stage is improper." Doe v. United States, 58 F.3d 494, 497 (9th Cir.1995) (internal quotation marks omitted). Accordingly, the district court would err in dismissing Plaintiffs' Class Action without giving Plaintiffs the opportunity to amend their Class Action Complaint. *See also* Supermail Cargo, Inc. v. United States, 68 F.3d 1204, 1207 (9th Cir.1995) ("[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."). Plaintiffs respectfully request the Court to deny Defendant Yahoo's motion. In the event the Court converts this motion to a motion for Summary judgment, pursuant to Fed.R.Civ.P. 12(b), Plaintiffs request that they be permitted an adequate amount of time to conduct discovery upon the factual issues raised by Defendant Yahoo's Motion.

### C. THE EASTERN DISTRICT OF PENNSYLVANIA HAS PROPER JURISDICTION OVER THIS MATTER

Class Action Plaintiffs have met their burden of showing that the alleged forum-selection clause in Yahoo's adhesion contract is unenforceable. Enforcement of the clause would be unreasonable and unjust under the circumstances as it is the result of an overreaching international corporation using mundane boiler-plate language, and would violate the public policy of Pennsylvania that corporations who do business in our jurisdiction be subject to its laws; and enforcement, in the particular circumstances of this case, would be so unreasonable that it would deprive Plaintiffs of their day in court as stated supra.

Yahoo is the second most powerful international corporation in the internet advertising industry. The forum selection clause was the product of overreaching and Plaintiffs may have

5

been forced into agreeing to a forum selection clause as part of their contracts. While it is true that the typical case for invalidating a forum-selection clause as a result of overreaching occurs when unsophisticated consumers, who possess no bargaining power, enter into contracts of adhesion with powerful corporations; it is not true, in this case, that the majority of Class Action Plaintiffs are sophisticated attorneys. It is true, however, that Plaintiffs were forced into agreeing to a forum selection clause as part of their Overture contracts.

Adjudicating this case in a California Court will be so inconvenient as to deprive Plaintiffs of their ability to litigate this case. First, the alleged wrongful acts, that is, click fraud, occurred in Pennsylvania and New Jersey. Second, because Yahoo has substantial contacts with Pennsylvania it must be held to answer for its fraud under Pennsylvania law. Third, Pennsylvania courts have expertise in commercial litigation involving web-based technology. Thus, it is clear that the Eastern District of Pennsylvania is not only a reasonable forum, but also the correct forum for adjudicating this dispute.

Plaintiffs have asserted claims as set forth in their Amended Class Action Complaint, a document which speaks for itself. Pennsylvania law does not bar unjust enrichment claims. Here, the Plaintiffs were victims of "fraud", stated specifically, which is outside any issue(s) of contract. Furthermore, Plaintiffs can bring as many causes of action as they deem just and necessary in their Amended Class Action Complaint as they do not know what the jury will ultimately conclude is fact at the time of trial.

Thus, for the reasons stated in Plaintiffs' Response To Defendants' Rule 12(b)(1),(3) & (6) Motion To Dismiss Plaintiffs' Class Action Complaint, filed this day, the Complaint states a claim upon which relief may be granted against Defendant Yahoo, Inc.

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that this Court deny Defendant Yahoo's Motion to Dismiss Plaintiffs' Complaint. In the alternative, at a minimum, Plaintiffs seek leave of Court to amend their Class Action Complaint to address any issue(s) the Court deems relevant (e.g. substituting attorney Class Representative for non-attorney member of said Class).

In the event the Court converts this motion to a motion for summary judgment, pursuant to Fed.R.Civ.P. 12(b)(1), (3) & (6), plaintiffs request that they be permitted an adequate amount of time to conduct discovery upon the factual issues raised by Defendant Yahoo's Motion.

    Respectfully submitted,
    **LASSOFF LAW ASSOCIATES, LLC**

By:   \s\ Samuel J. Lassoff
       Samuel J. Lassoff Esquire
       1616 Walnut Street
       Philadelphia, PA 19103
       Attorneys for Plaintiffs