**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| SAMUEL LASSOFF, on behalf of himself, and other U.S. residents similarly situated, : : : Plaintiff, : : v. : : GOOGLE, INC., YAHOO! INC., and IAC INTERACTIVE CORP, : : : Defendants. : : | Civil Action No. 06-3542 |

**REPLY BRIEF IN SUPPORT OF YAHOO! INC.'S
<u>MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(b)(1), (3) AND (6)</u>**

Defendant Yahoo! Inc. ("Yahoo!) submits this reply brief in support of its motion to dismiss for lack of subject matter jurisdiction, <u>see</u> Fed. R. Civ. P. 12(b)(1); for improper venue, <u>see</u> Fed. R. Civ. P. 12(b)(3); and for failure to state a claim upon which relief can granted, <u>see</u> Fed. R. Civ. P. 12(b)(6).

**1)      INTRODUCTION**

Plaintiff cannot show that this Court has proper subject matter jurisdiction or that it is the proper venue for this matter to be adjudicated. In Plaintiff's response to Yahoo!'s motion to dismiss ("Response"), Plaintiff makes an attempt to address Yahoo!'s assertions that this matter should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3), but wholly fails to point to any relevant supporting precedent and makes no attempt to address or refute the case law upon which Yahoo! relies in its motion to dismiss. Moreover, contrary to Plaintiff's assertion, there is simply no authority for this Court to take the facts asserted in Plaintiff's complaint as true and

construe them in his favor when considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(3).

Furthermore, Plaintiff's argument that the forum selection clause in the contract between Yahoo! and Plaintiff is unenforceable is misguided. The Third Circuit recognizes that in order to invalidate a forum selection clause, the moving party must show fraud in the inducement. In none of his papers does Plaintiff assert that Yahoo! fraudulently induced him into agreeing to select Los Angeles, California as the venue to bring forth any claims against Yahoo!. Plaintiff also fails to address the many cases that hold forum selection clauses to be readily enforceable.

Finally, Plaintiff asks that this Court allow him leave to amend his amended complaint ("Amended Complaint") yet another time. Plaintiff cites Fed. R. Civ. P. 15(a) to support his assertion that he is entitled to amend the Amended Complaint as a matter of right because Yahoo! has not yet answered the Amended Complaint. (Response, p. 4.) However, Plaintiff has already amended its complaint once. Thus, any further amendment is subject to either consent by Yahoo! or discretion of the Court. Fed. R. Civ. P. 15(a). Yahoo! does not consent to Plaintiff amending the Amended Complaint. Furthermore, although leave to amend is at this Court's discretion, it should not be granted if the amendment would be futile or itself subject to dismissal. No amended complaint will change the fact that jurisdiction is not proper and this court should therefore not allow Plaintiff to amend his Amended Complaint yet again.

**2)    THE JURISDICTIONAL DEFECTS OF PLAINTIFF'S CLAIMS REQUIRE THAT THEY BE DISMISSED.**

Plaintiff incorrectly asserts that this Court must take as true all of the allegations of the Amended Complaint and construe them in Plaintiff's favor when ruling on Yahoo!'s motion to dismiss. Plaintiff ignores Third Circuit precedent recognizing a "fundamental difference between review under Rule 12(b)(1), where existence of disputed material facts will not preclude

the court from evaluating the merits of the jurisdictional claim… and review under Rule 12(b)(6)." Anjelino v. The New York Times Company, 200 F.3d 73, 87 (3rd Cir. 1999); see also E. Mortensen v. First Federal Savings and Loan Association, 549 F.2d 884, 890 (3rd Cir. 1977) (among the various 12(b) motions, 12(b)(6) alone necessitates a ruling on the merits of a claim). Where Yahoo! is requesting that this Court dismiss this case based upon Rule 12(b)(1) and Rule 12(b)(3), it is not necessary for the Court to take the allegations in the Amended Complaint as true and construe them in Plaintiff's favor.

      **a)    THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE THE COURT LACKS SUBJECT MATTER JURISDICTION.**

Plaintiff fails to address the deficiency in his Amended Complaint in that he fails to allege facts showing that this Court has subject matter jurisdiction in this case. Ordinarily, subject matter jurisdiction is considered first, and without it, this Court must dismiss the complaint against Yahoo!. Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause… Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause"). Presumably, Plaintiff brings this claim under The Class Action Fairness Act of 2005 ("CAFA"). However, as stated in Yahoo!'s motion to dismiss, an "attorney-plaintiff class representative may not also serve as counsel for the class," as Plaintiff is attempting to do in this case. Kramer v. Scientific Control Corp., 534 F.2d 1085, 1090 (3rd Cir. 1976); see also Turloff v. May Co., 531 F.2d 1357, 1360 (6th Cir. 1976) ("If the interests of a class are to be fairly and adequately protected, if the courts and the public are to be free of manufactured litigation, and if proceedings are to be without cloud, the roles of class representative and of class attorney

cannot be played by the same person").[1]  Accordingly, because Plaintiff's class allegations must be dismissed, then this Court cannot exercise jurisdiction under CAFA and must dismiss the action in its entirety.

### b) THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE VENUE IS IMPROPER.

Plaintiff confuses venue with personal jurisdiction.  In its motion to dismiss, Yahoo! argues that the action must be dismissed because Plaintiff brought the action in the wrong venue, not because the Court does not have personal jurisdiction over Yahoo!.  Whether the Court has or lacks personal jurisdiction over Yahoo! has absolutely nothing to do with whether venue is proper.

With respect to Plaintiff's argument that the forum selection clause in the contract is not enforceable, Plaintiff asserts that the contract he signed with Yahoo! was one of adhesion and cites M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 18 (1972), in support of the argument that trial in Los Angeles, California would be "'gravely difficult and inconvenient.'"  (Response, p. 3, quoting Bremen.)  As pointed out in Yahoo!'s motion to

---

[1] A lawyer who purports to be a plaintiff class representative in an action seeking a money recovery for the class may not also be class counsel because to act as class counsel in the case would violate the lawyer's ethical duties, including at least the duty to avoid the appearance of impropriety. Kramer, 534 F.2d at 1090.  Any such representation would similarly present impermissible conflicts of interest. Id.; Turoff, 531 F.2d at 1360.  Similarly, a lawyer purporting to act as a plaintiff class representative may not designate a member or employee of the lawyer's firm as class counsel. Kramer, 534 F.2d at 1091-1092; Turoff, 531 F.2d at 1360.  Nor may the lawyer designate his or her spouse or a close friend or business associate. Turoff, 531 F.2d at 1360; In re Discovery Zone Sec. Litig., 169 F.R.D. 104, 108-109 (N.D. Ill. 1990).  In all such cases, "disqualification is required." Apple Computer, Inc. v. Superior Court, 126 Cal. App. 4th 1253, 1265-1267 (2005); accord Petrovic v. Amoco Oil Co., 200 F.3d 1140, 1155-1156 (8th Cir.1999); Lowenschuss v. Bluhdorn, 613 F.2d 18, 20 (2d Cir.1980); Zylstra v. Safeway Stores, Inc.; 578 F.2d 102, 103-104 (5th Cir.1978); Susman v. Lincoln Am. Corp., 561 F.2d 86, 91-94 (7th Cir. 1977); Brick v. CPC Int'l Inc., 547 F.2d 185, 186 (2d Cir. 1976); Conner v. Greef, 2003 WL 23846645, *1 n.1 (W.D. Tenn. 2003) ("an attorney who is a member of a class cannot also represent the class"); Jaroslawicz v. Safety Kleen Corp., 151 F.R.D. 324, 328-330 (N.D. Ill. 1993); Fechter v. HMW Indus., 117 F.R.D. 362, 363-365 (E.D. Pa. 1987); Sweet v. Birmingham, 65 F.R.D. 551, 552 (S.D.N.Y. 1975); Stull v. Pool, 63 F.R.D. 702, 704 (S.D.N.Y. 1974); Goldman v. First Nat'l Bank of Chicago, 56 F.R.D. 587, 589 n.1 (N.D.Ill.1972); Kriger v. Euro. Health Spa, Inc., 56 F.R.D. 104, 105 (E.D. Wis. 1972); Shields v. First Nat'l Bank of Ariz., 56 F.R.D. 442, 444 & n.1 (D. Ariz. 1972); Graybeal v. Am. Sav. & Loan Ass'n, 59 F.R.D. 7, 13-14 (D.C.D.C. 1973).

dismiss, the Bremen court also held that forum selection clauses are "prima facie valid" and that they should be enforced unless they are unreasonable under the circumstances. Bremen, 407 U.S. at 18-19. Plaintiff does not and cannot show that the forum selection clause in the contract is unreasonable.

Plaintiff argues that it would be unreasonable for him to litigate this case in Los Angeles, California, even though he agreed to do to so in the contract. Plaintiff also offers the non-sensical arguments that because he is not a member of the California State Bar, and that his name and written signature do not appear on the contract, that the forum selection clause in the contract is not valid. These arguments fail because Plaintiff cannot show that "the clause was procured through fraud." Nemo Associates, Inc. v. Homeowners Marketing Services Int'l, Inc., 942 F. Supp. 1025, 1028 (E.D. Pa. 1996). Plaintiff alleges that purported class members lost thousands of dollars because of Yahoo!'s alleged fraudulent conduct, but fails to specifically allege that he was fraudulently induced to enter into the agreement. See Moneygram Payment Systems, Inc. v. Consorcio Oriental, S.A., 65 Fed.Appx. 844, 847 (3rd Cir. 2003) ("the mere allegation of fraudulent conduct does not suspend operation of a forum selection clause…the proper inquiry is whether the forum selection clause is the result of "fraud in the inducement of the [forum-selection] clause itself"), citing Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395, 403-04 (1967). Because Plaintiff does not allege that the forum selection clause was the result of fraudulent inducement, there is no authority to invalidate the agreed upon clause. Thus, this Court should dismiss the Amended Complaint for improper venue.

3)  **THE AMENDED COMPLAINT SHOULD BE DISMISSED BECAUSE IT FAILS TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED.**

Notably, Plaintiff fails to specifically address Yahoo!'s arguments with respect to Plaintiff's failure to state adequate claims for breach of contract, fraud, negligence, unjust enrichment and unfair business practices.  Rather, Plaintiff simply states that "'Class Action Plaintiffs' entered into a contract to use Yahoo!'s Overture program[,] … Plaintiffs were defrauded by Yahoo![,] … Fraud or 'Click Fraud' … is outside the realm of any contract … Yahoo! has with Plaintiffs[,] … [and] Plaintiff's unjust enrichment claim is also outside of contract …" (Response, p. 4.)  Such blanket assertions do not overcome Yahoo!'s arguments set forth in its motion to dismiss that Plaintiff's claims all fail to state a claim upon which relief can be granted.

4)  **PLAINTIFF SHOULD NOT BE ALLOWED TO FILE A SECOND AMENDED COMPLAINT.**

Plaintiff insists that regardless of whether the Court determines that his Amended Complaint should be dismissed, Plaintiff should be afforded another opportunity to amend his Amended Complaint.  Plaintiff has already filed one Amended Complaint and is allowed to amend a complaint only once as a matter of course.  Fed. R. Civ. P. 15(a).  Following a first amended complaint, Plaintiff must obtain Yahoo!'s consent or leave to amend from this Court. Id.  It is well settled law, however, that leave to amend may be denied if the proposed amendment is futile or itself would also be subject to dismissal.  In re Burlington Coat Factory Securities Litigation, 114 F.3d 1410, 1434 (3rd Cir. 1997) ("among the grounds that could justify a denial of leave to amend are undue delay, bad faith, dilatory motive, prejudice, and futility"); Lorenz v. CSX Corp., 1 F.3d 1406, 1413 (3rd Cir. 1993) ("denial [] must be based on bad faith or dilatory motives, truly undue or unexplained delay, repeated failures to cure the deficiency by

amendments previously allowed, or futility of amendment"). "[I]t is an abuse of discretion to deny leave to amend unless … 'the amendment fails to cure the jurisdictional defect.'" Alvin v. Suzuki, 227 F.3d 107, 121 (3rd Cir. 2000), quoting Berkshire Fashions, Inc. v. M.V. Hakusan II, 954 F.2d 874, 886 (3d Cir.1992). "An amendment is [also] futile if the amended complaint would not survive a motion to dismiss for failure to state a claim upon which relief could be granted." Id.

Yahoo! respectfully requests that this Court deny any request by Plaintiff to amend his Amended Complaint because any amendment would be futile. Any further amendment would suffer from the same jurisdictional and venue defects, and would still be subject to dismissal because the facts surrounding those issues would not change. Dorman v. Thornburgh, 740 F.Supp. 875, 880 (D.D.C. 1990) (leave to amend complaint denied because amendment would not cure jurisdictional and venue problems which require dismissal). Moreover, since any further amendment would not alter Plaintiff's failure to state a claim, the Court should deny Plaintiff leave to amend the Amended Complaint. In re Burlington Coat Factory Securities Litigation, 114 F.3d at 1435. Accordingly, Yahoo! requests that this Court dismiss the Amended Complaint without leave to amend.

**5) CONCLUSION**

       For the reasons stated above, Yahoo! respectfully requests an order granting Yahoo!'s motion to dismiss all claims against it pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6).

Dated:    May 3, 2007          **DUANE MORRIS LLP**
/s/ Robert M. Palumbos
Sandra A. Jeskie
Pa. ID. No. 79500
Robert M. Palumbos
Pa. ID. No. 200063
30 South 17th Street
Philadelphia PA 19103-4196
Tel.: (215) 979-1000
Fax: (215) 979-1020
Email: Jeskie@duanemorris.com
         RMPalumbos@duanemorris.com

Attorneys for Defendant Yahoo! Inc.

Of Counsel:
Dennis L. Wilson (Cal. Bar No. 155407)
Ellie Schwimmer (Cal. Bar No. 221522)
KEATS McFARLAND & WILSON LLP
9720 Wilshire Boulevard, Penthouse Suite
Beverly Hills, California 90212
Telephone: (310) 248-3830
Facsimile: (310) 860-0363
Email:   dwilson@kmwlaw.com
          eschwimmer@kmwlaw.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on May 3, 2007, I caused a true and correct copy of the foregoing Reply Brief in Support of Yahoo!'s Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (3) and (6) to be filed via the Official Court Electronic Document Filing System. By virtue of this filing, service of the foregoing document upon the following counsel, being Electronic Case Filing Users, is complete upon counsels' receipt of the Court's e-mail notification of the Notice of Electronic Filing:

        Samuel J. Lassoff, Esquire
        David J. Berney, Esquire
        Jeffrey M. Lindy, Esquire

        /s/ Robert M. Palumbos
        Robert M. Palumbos
        DUANE MORRIS LLP
        30 South 17th Street
        Philadelphia, PA  19103
        215.979.1111
        215.979.1020 (fax)
        rmpalumbos@duanemorris.com